■ MILMAN & SHWERGOLD, P. C., Appellant, v CHASE MANHATTAN BANK, N. A., et al., Respondents. — Order and judgment (one paper) of the Supreme Court, New York County (Allen Murray Myers, J.), entered on October 5, 1983, which denied plaintiff's motion for summary judgment against defendant Chase Manhattan Bank, granted the cross motion by defendant Chase Manhattan Bank for summary judgment and denied plaintiff's motion for a default judgment against defendant Evergreen Steel Corporation, is modified, on the law, to the extent of granting plaintiff's motion for a default judgment against defendant Evergreen Steel Corporation, and otherwise affirmed, with costs and disbursements to defendant Chase Manhattan Bank against plaintiff, and with costs and disbursements to plaintiff against defendant Evergreen Steel Corporation.

Defendant Evergreen Steel Corporation entered into an agreement with defendant Chase Manhattan Bank on December 13, 1978 pursuant to which it assigned a security interest in its collateral and accounts, including "all other debts, obligations and liabilities in whatever form owing to Debtor from any person, firm or corporation or any other legal entity". The real estate transaction for which plaintiff law firm rendered services to Evergreen occurred in January of 1980. Consequently, the attorney's lien on the mortgage papers cannot take precedence over the prior assignment by Evergreen to Chase. As the court held in *Jackson v American Cigar Box Co.* (141 App Div 195, 197): "As between attorney and client the attorney has a lien upon the papers of the client which came into his possession, but that lien does not extend beyond the interest of the client, and when the interest of the client terminates, of necessity, the lien of the attorney terminates. The attorney must look to his client for compensation."

Evergreen's interest in the mortgage papers having terminated as a result of the assignment to Chase, and Chase's lien

having vested prior to that of the attorney, Special Term properly found that Chase's lien had priority. (See *Effective Communications West v Board of Coop. Educational Servs.*, 84 AD2d 941.) However, plaintiff is entitled to a default judgment against Evergreen for its failure to appear or answer the complaint. Under CPLR 3215 (subd [f]), five days' notice of the time and place for a motion seeking a default judgment must be provided (1) to a defendant who has either appeared, or (2) if more than one year has elapsed since the default. In the instant matter, Evergreen was served less than one year before the default. Therefore, notice of the motion was not required. Concur — Asch, J. P., Silverman, Milonas and Kassal, JJ.