714 A.2d 1027

**Leo J. KITUSKIE, D.M.D., Appellant,**

**v.**

**Scott K. CORBMAN, Esquire, and Garfinkle, Corbman, Greenberg, and Jurikson, P.C., Appellees.**

**Leo J. KITUSKIE, D.M.D., Appellee,**

**v.**

**Scott K. CORBMAN, Esquire, and Garfinkle, Corbman, Greenberg, and Jurikson, P.C., Appellants.**

Supreme Court of Pennsylvania.

Argued Dec. 8, 1997.

Decided Aug. 7, 1998.

Fred J. Silverman, Claudia D. McCarron, Willow Grove, for Leo J. Kituskie.

H. Robert Fiebach, Daniel P. McElhatton, Philadelphia, for S. Corbman and Garfinkle, Corbman, Greenberg and Jurikson, P.C.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, and NIGRO, JJ.

## OPINION OF THE COURT

CASTILLE, Justice.

This Court granted *allocatur* in this matter in order to address two issues. The first issue is whether the collectibility of damages in an underlying action is relevant to and, therefore, admissible in a legal malpractice action. The second issue is, if collectibility of damages should be considered, which party bears the burden of proving collectibility. Because we find that collectibility of damages in the underlying action should be considered in a legal malpractice action and that the defendant/attorney bears the burden of proof, we affirm the order of the Superior Court and remand for further proceedings consistent with this opinion.

The facts relevant to this appeal are not in dispute. Leo J. Kituskie is a Pennsylvania resident who is a practicing periodontist. On September 3, 1989, Kituskie was injured in a two-car automobile accident during his vacation in San Jose, California. The traffic collision report for the accident stated that a vehicle being driven by Evan Mark Trapp crossed a highway on-ramp into the path of Kituskie's automobile after it struck a curb and a cyclone fence. The traffic collision report also indicated that Trapp was driving while intoxicated

and that his vehicle was being operated at the time of the accident at a high rate of speed. After the accident, Kituskie returned to the Philadelphia area in order to begin treatment for his injuries. As a result of this automobile accident, Kituskie avers that he suffers from a degenerative and arthritic back condition which makes it difficult for him to work full-time as a periodontist.

On September 9, 1989, Kituskie retained Scott K. Corbman, Esquire, to pursue his claim against Trapp for the personal injuries he sustained in the accident. Corbman is an attorney licensed to practice law in the Commonwealth of Pennsylvania and is a principal/shareholder in the law firm of Garfinkle, Corbman, Greenberg and Jurikson, P.C. (the "Garfinkle firm").[1]

Corbman proceeded to obtain Kituskie's medical reports. After reviewing the medical reports, Corbman made a claim on Kituskie's behalf against Trapp's insurance carrier, California State Automobile Association ("CSAA"). During settlement negotiations with CSAA, Corbman learned that Trapp's insurance policy had a limit of $25,000.

On September 17, 1990, more than one year after the accident, Corbman discovered that the California statute of limitations for injuries such as those suffered by Kituskie was only one year as opposed to the two-year statute of limitations in Pennsylvania. CSAA ultimately informed Corbman that it would not make a settlement offer to Kituskie because the one-year statute of limitations had passed without Corbman instituting a formal legal action. As soon as Corbman learned this information, Corbman met with Kituskie and informed him that his claim had been terminated because no suit was filed or settlement reached within the one-year statute of limitations period. During this meeting, Corbman advised Kituskie to seek the services of another attorney in order to assert a legal malpractice claim against Corbman and the Garfinkle firm.

---

**1.** The Garfinkle firm is a Pennsylvania professional corporation engaged in the practice of law with its principal place of business located in Philadelphia, Pennsylvania.

On August 28, 1991, Kituskie, represented by new counsel, filed a legal malpractice claim against Corbman and the Garfinkle law firm in the Montgomery County Court of Common Pleas.[2] Immediately prior to jury selection, counsel for each side filed motions *in limine* requesting that each side be precluded from presenting expert testimony on the issue of CSAA possibly settling the matter within the policy limits of Trapp's policy.[3] Neither of these motions dealt directly with the issue of whether the jury in this legal malpractice action could consider Kituskie's ability to collect on an underlying judgment against Trapp. However, the trial court, realizing that its resolution of whether collectibility of damages in an underlying case could be an issue at trial, withheld its disposition of the two motions *in limine*. On January 6, 1995, prior to commencing the trial in this matter, the trial court decided that collectibility of damages in an underlying case was not relevant to a legal malpractice claim in Pennsylvania. Thus, the trial court granted both motions *in limine*.

Following a trial on the matter, on January 11, 1995, a jury found that Corbman and the Garfinkle firm were liable to Kituskie for legal malpractice in the amount of $2,300,000. Corbman and the Garfinkle firm appealed to the Superior Court. The Superior Court, in a published opinion, vacated the judgment and remanded for further proceedings because it held that the collectibility of damages in an underlying case should be considered in a legal malpractice action. The

**2.** Prior to filing the legal malpractice action, Kituskie filed a claim against his father's insurance carrier for underinsured benefits. Following arbitration, Kituskie was awarded $200,000 in underinsured benefits, which was the limit of underinsured coverage available under that policy.

**3.** Corbman and the Garfinkle firm sought to preclude testimony by Kituskie's expert that CSAA would likely not have settled for the policy limits and that Kituskie would have been able to recover a full judgment by reason of CSAA's bad faith refusal to settle for the policy limits. Kituskie sought to preclude the testimony of Corbman and the Garfinkle's firm expert about what CSAA would have done if Corbman had not been negligent in failing to institute a lawsuit on Kituskie's behalf. Kituskie sought to preclude this testimony on the grounds that Corbman and the Garfinkle firm had failed to identify the existence of their expert in their answers to interrogatories.

Superior Court also held that the attorney being sued for legal malpractice bore the burden of proving as a defense in the form of mitigation of damages that the potential underlying case which formed the basis of the legal malpractice award would have been uncollectible. This Court granted *allocatur* in order to decide whether collectibility should be part of a legal malpractice action and, if so, which party bears the burden of proof as to that issue.

In order to establish a claim of legal malpractice, a plaintiff/aggrieved client must demonstrate three basic elements:

1) employment of the attorney or other basis for a duty;

2) the failure of the attorney to exercise ordinary skill and knowledge; and

3) that such negligence was the proximate cause of damage to the plaintiff.

*Rizzo v. Haines*, 520 Pa. 484, 499, 555 A.2d 58, 65 (1989). An essential element to this cause of action is proof of actual loss rather than a breach of a professional duty causing only nominal damages, speculative harm or the threat of future harm. *Id.* at 504–05, 555 A.2d at 68. Damages are considered remote or speculative only if there is uncertainty concerning the identification of the existence of damages rather than the ability to precisely calculate the amount or value of damages. *Id.* In essence, a legal malpractice action in Pennsylvania requires the plaintiff to prove that he had a viable cause of action against the party he wished to sue in the underlying case and that the attorney he hired was negligent in prosecuting or defending that underlying case (often referred to as proving a "case within a case").

A review of case law in the Commonwealth shows that the issue of whether collectibility of damages in an underlying case should also be a part of a legal malpractice action is one of first impression. Other jurisdictions, however, have addressed this issue and have held that collectibility of damages should also be considered in a legal malpractice action. *See DiPalma v. Seldman*, 27 Cal.App.4th 1499, 33 Cal.Rptr.2d 219

(1994), *rev. denied,* 1994 Cal. LEXIS 6078 (Cal. Nov. 16.1994); *Smith v. Haden,* 868 F.Supp. 1 (D.D.C.1994), *aff'd,* 69 F.3d 606 (D.C.Cir.1995); *Teodorescu v. Bushnell, Gage, Reizen & Byington,* 201 Mich.App. 260, 506 N.W.2d 275 (1993), *appeal denied,* 445 Mich. 936, 521 N.W.2d 607 (1994); *Jourdain v. Dineen,* 527 A.2d 1304 (Me.1987); *Jernigan v. Giard,* 398 Mass. 721, 500 N.E.2d 806 (1986); *Larson v. Crucet,* 105 A.D.2d 651, 481 N.Y.S.2d 368 (N.Y.App.Div.1984); *Hoppe v. Ranzini,* 158 N.J.Super. 158, 385 A.2d 913 (1978).

Like these other jurisdictions, this Court believes that collectibility of damages in the underlying action should also be part of the analysis in a legal malpractice action. We do so because we recognize that a legal malpractice action is distinctly different from any other type of lawsuit brought in the Commonwealth. A legal malpractice action is different because, as described above, a plaintiff must prove a case within a case since he must initially establish by a preponderance of the evidence that he would have recovered a judgment in the underlying action (here, the underlying action would have involved Kituskie's lawsuit against Trapp). It is only after the plaintiff proves he would have recovered a judgment in the underlying action that the plaintiff can then proceed with proof that the attorney he engaged to prosecute or defend the underlying action was negligent in the handling of the underlying action and that negligence was the proximate cause of the plaintiff's loss since it prevented the plaintiff from being properly compensated for his loss.[4] However, this Court has held that the plaintiff in a legal action should only be compensated for his actual losses. *See Rizzo v. Haines,* 520 Pa. at 499, 555 A.2d at 65. Actual losses in a legal malpractice action are measured by the judgment the plaintiff lost in the underlying action and the attorney who negligently handled the underlying action is the party held responsible for the lost judgment. However, as noted by the Superior Court,

4. As noted by the Superior Court in this case, evidence produced at trial adequately proved that Corbman's negligence in failing to file a lawsuit within the one-year California statute of limitations proximately caused Kituskie's inability to recover damages from Trapp for his personal injuries. This finding is not on appeal to this Court.

"it would be inequitable for the plaintiff to be able to obtain a judgment against the attorney which is greater than the judgment that the plaintiff could have collected from the third party; the plaintiff would be receiving a windfall at the attorney's expense." *Kituskie v. Corbman,* 452 Pa.Super. 467, 473, 682 A.2d 378, 382 (1996). Thus, we now hold that collectibility of damages in the underlying case is a matter which should be considered in legal malpractice actions.[5]

▮ Because this Court has concluded that collectibility of damages is an issue which should be considered in legal malpractice actions, we now must decide who bears the burden of proof. While other jurisdictions considering the issue

5. Kituskie argues that if this Court determines that collectibility is an issue in a legal malpractice action, then this Court should apply the rule of law purely prospectively (new rule of law only applied to cases commenced thereafter and not the parties to the case) rather than retroactively (applied to parties to the case and all other cases pending on direct review in which the issue was raised). While retroactive application of a new rule of law is a matter of judicial discretion usually exercised on a case-by-case basis, the general rule is that a decision announcing a new rule of law is applied retroactively so that a party whose case is pending on direct appeal is entitled to the benefit of changes in the law. *McHugh v. Litvin, Blumberg, Matusow & Young,* 525 Pa. 1, 8, 574 A.2d 1040, 1043 (1990). Courts will deviate from the general rule of retroactivity and apply a new rule of law purely prospectively where: (1) the decision to be applied non-retroactively established a new principle of law; (2) a retrospective application will retard application of the old rule of law; and (3) retroactive application will lead to an inequitable result which imposes an injustice or hardship. *Blackwell v. State Ethics Commission,* 527 Pa. 172, 184, 589 A.2d 1094, 1100 (1991). Here, there is no doubt that the Court's decision injecting collectibility into legal malpractice actions announces a new rule of law. However, retroactive application of this new rule to the present case will not retard an old rule of law since there was no old rule concerning collectibility. Moreover, besides focusing on the burden of conducting additional discovery on the issue of collectibility, Kituskie is unable to articulate, and this Court cannot conceive, how an inequitable result will occur if collectibility is applied to this case on remand. This is especially true since Kituskie admits that he already has prepared an expert to discuss the possibility of collecting a full judgment because of an insurer's bad faith in anticipation that collectibility would be an issue at trial. Thus, the Court declines to apply the new rule of collectibility in a purely prospective manner. Instead, the new rule of collectibility in legal malpractice actions should comport with the general rule retroactive application so that it is at issue on remand in the case *sub judice.*

of collectibility of damages have unanimously concluded that collectibility is a part of a legal malpractice action, they have been split on which party in the legal malpractice action bears the burden of proof. A majority of courts in other jurisdictions have placed the burden of proving collectibility on the plaintiff because it is viewed as being closely related to the issue of proximate cause, a burden which clearly the plaintiff bears as part of his *prima facie* case.[6] In doing so, these courts place the burden on the plaintiff because a plaintiff can prove that the attorney's malfeasance was the proximate cause of his loss only if he demonstrates that he would have succeeded on the underlying action and that he would have succeeded in collecting on the resulting judgment. *See Sitton v. Clements*, 257 F.Supp. 63 (E.D.Tenn.), *aff'd* 385 F.2d 869 (6th Cir.1967).

A minority of courts in other jurisdictions, however, have rejected the majority's line of reasoning and placed the burden of proving non-collectibility on the defendant/attorney.[7] These courts have recognized that the plaintiff must prove a case within a case. These minority of courts, however, do not believe that it logically follows from the case within a case burden of proof that the plaintiff must also prove that the damages in the underlying case would have been collectible. Instead, these courts believe that the burden of proof in a legal malpractice action only requires the plaintiff to prove a loss of judgment on a valid claim. To require the plaintiff to

**6.** *See DiPalma v. Seldman*, 27 Cal.App.4th 1499, 33 Cal.Rptr.2d 219 (1994); *Whiteaker v. Iowa*, 382 N.W.2d 112 (Iowa 1986); *Jernigan v. Giard*, 398 Mass. 721, 500 N.E.2d 806 (1986); *Rorrer v. Cooke,* 313 N.C. 338, 329 S.E.2d 355 (1985); *Larson v. Crucet,* 105 A.D.2d 651, 481 N.Y.S.2d 368 (N.Y.App.Div.1984); *Palmieri v. Winnick,* 40 Conn.Supp. 144, 482 A.2d 1229 (1984); *McDow v. Dixon,* 138 Ga.App. 338, 226 S.E.2d 145 (1976); *Christy v. Saliterman,* 288 Minn. 144, 179 N.W.2d 288 (1970); *Sitton v. Clements,* 257 F.Supp. 63 (E.D.Tenn.), *aff'd,* 385 F.2d 869 (6th Cir.1967); *Hammons v. Schrunk,* 209 Or. 127, 305 P.2d 405 (1956); *Lawson v. Sigfrid,* 83 Colo. 116, 262 P. 1018 (1927).

**7.** *See Smith v. Haden,* 868 F.Supp. 1 (D.D.C.1994), *aff'd* 69 F.3d 606 (D.C.Cir.1995); *Teodorescu v. Bushnell, Gage, Reizen & Byington,* 201 Mich.App. 260, 506 N.W.2d 275 (1993), *appeal denied,* 445 Mich. 936, 521 N.W.2d 607 (1994); *Jourdain v. Dineen,* 527 A.2d 1304 (Me.1987); *Hoppe v. Ranzini,* 158 N.J.Super. 158, 385 A.2d 913 (1978).

also prove collectibility of damages would result in placing an unfair burden on the plaintiff where the plaintiff's legal malpractice action is often brought years after the initial accident causing his injuries solely because the defendant/lawyer failed to act in a timely and competent manner. Thus, the minority of courts believe that it is more logical and fair to treat collectibility as an affirmative defense which the defendant/attorney must plead and prove in order to avoid or mitigate the consequences of that attorney's negligent acts. *See Smith v. Haden*, 868 F.Supp. 1, 2–3 (D.D.C.1994). Moreover, this minority has criticized the majority position because it ignores the possibility of settlement between the plaintiff and the underlying tortfeasor and also overlooks that the passage of time itself can be a militating factor either for or against collectibility of the underlying case. *Id.* at 2.

After considering both positions, this Court finds the reasoning of the minority position to be more persuasive. Thus, we adopt the minority position and hold that a defendant/lawyer in a legal malpractice action should plead and prove the affirmative defense that the underlying case was not collectible by a preponderance of the evidence.[8]

**8.** Uncollectibility should be pled as New Matter pursuant to Pa. R.C.P. 1030. Rule 1030 provides:

(a) Except as provided by subdivision (b), all affirmative defenses including but not limited to the defenses of accord and satisfaction, arbitration and award, consent, discharge in bankruptcy, duress, estoppel, failure of consideration, fair comment, fraud, illegality, immunity from suit, impossibility of performance, justification, laches, license, payment, privilege, release, res judicata, statute of frauds, statute of limitations, truth and waiver shall be pleaded in a responsive pleading under the heading "New Matter." A party may set forth as new matter any other material facts which are not merely denials of the averments of the preceding pleading.

(b) The affirmative defenses of assumption of risk, comparative negligence and contributory negligence need not be pleaded.

Subsection (a) is very broad and is designed for the purpose of putting plaintiffs on notice of what defenses to prepare for. The exception in subsection (b), which excludes assumption of the risk, comparative negligence and contributory negligence from the pleading requirement, is very narrow, as it excludes only defenses which would be raised in negligence actions and presupposes that the plaintiff has notice of these defenses. Uncollectibility is a technical defense which could require

Accordingly, for the reasons expressed above, we find that the Superior Court correctly held that collectibility of damages in an underlying case is a matter which must be considered in a legal malpractice action and that the defendant/lawyer bears the burden of proving that the underlying case which formed the basis of the damages award in a legal malpractice action would not have been fully collectible.[9]

extensive preparation by all parties. Therefore, the defendant should put the plaintiff on notice of the defense by raising it as New Matter.

Kituskie argues that Corbman and the Garfinkle firm cannot now avail themselves of the affirmative defense of collectibility since they did not plead the defense in their Answer and New Matter. Corbman and the Garfinkle firm ague that the following paragraphs of their New Matter put Kituskie on notice that they intended to attack the collectibility of the judgment:

13. Plaintiff's cause of action herein must fail where plaintiff sustained no damages and/or nominal damages as a result of the subject automobile collision.

14. Plaintiff's cause of action must fail where no damages have accrued to plaintiff as a result of any alleged act and/or failure on the part of the answering defendants herein.

This Court agrees with Kituskie that these paragraphs did not adequately put Kituskie on notice that collectibility was going to be an issue at trial. However, as the Superior Court noted, Corbman and the Garfinkle firm could have sought leave to amend their pleadings to include the affirmative defense of collectibility in accordance with Rule 1033 of the Rules of Civil Procedure. Here, Corbman and the Garfinkle firm sought to inject collectibility into this legal malpractice action before, during and after trial. Despite these attempts, the trial court consistently held that uncollectibility was not an issue. Thus, it would have been futile for Corbman and the Garfinkle firm to have sought leave to amend their pleadings. Since this Court has now held that collectibility is an issue in a legal malpractice claim, and since the parties have not supplied this Court with sufficient information to judge if an amendment to the pleadings should be allowed, the trial court on remand should determine if Corbman and the Garfinkle firm should be allowed to amend their New Matter in order to include the affirmative defense of collectibility.

9. Kituskie also argues that the Superior Court erred in remanding the issue of collectibility only to the trial judge for a non-jury determination instead of allowing a jury to determine this issue. Corbman and the Garfinkle firm do not contest Kituskie's position as long as there are disputed facts for the jury to decide. Article I, Section 6 of the Pennsylvania Constitution provides that:

Trial by jury shall be as heretofore, and the right thereof remain inviolate. The General Assembly may provide, however, by law, that a verdict may be rendered by not less that five-sixths of the jury in any civil case.

Therefore, the order of the Superior Court is affirmed and the matter remanded for further proceedings.

Jurisdiction is relinquished.

NEWMAN, J., did not participate in the consideration or decision of this matter.

This Court has stated that the meaning of this provision "is that a jury shall continue to be the tribunal for the determination of all questions of fact in controversies between individuals." *Blum v. Merrell Dow Pharmaceuticals, Inc.,* 534 Pa. 97, 113, 626 A.2d 537, 545 (1993). Moreover, the grant of a new trial ordinarily restores the action to the status it had before the trial took place. *Mains v. Moore,* 189 Pa.Super. 430, 150 A.2d 549 (1959). Thus, it is axiomatic that on remand, Kituskie is entitled to have a jury determine the issue of collectibility if there are disputed facts or inferences which can be drawn from the facts.