**Herman v. Russo**

432

C.P. of Lehigh County, No. 2011-C-0912.

*Mary Herman*, pro se plaintiff.
*Donald Russo*, for defendant.

FORD, *J.*, March 13, 2013—This is a legal malpractice

action brought by plaintiff, Mary Herman, against defendant, Donald Russo, Esquire, in which Ms. Herman alleges that attorney Russo negligently represented her in an earlier suit that she filed. Before the court is a motion for summary judgment filed by attorney Russo. I enter an order today granting summary judgment as to all malpractice claims against attorney Russo except those which relate to his not having named retired Carbon County President Judge Richard Webb as a defendant in the earlier lawsuit.

The plaintiff was employed for 18 years as Jury Clerk of Carbon County. In this full-time position, she served as an employee of the Carbon County Jury Selection Commission. The Jury Commission was composed of three members, Brenda Ellis, William Poluka and Judge Webb.

During an October 27, 2003, meeting of the Jury Commission, Judge Webb proposed that the full-time position of jury clerk, which Ms. Herman occupied at that time, be eliminated and replaced with a newly created part-time position of Jury Selection Commission Clerk. During the meeting, Judge Webb voted to approve his recommendation while Jury Commissioners Ellis and Poluka voted against the recommendation. Despite the vote, Judge Webb advanced a recommendation to the Carbon County Salary Board that the position of jury clerk be eliminated and replaced with the part-time position.

On December 12, 2003, plaintiff sent a letter to the Carbon County Commissioners requesting that they decline to implement Judge Webb's recommendation. She also openly supported Jury Commissioners Ellis and Poluka when they spoke with the media about the issues which

existed on the Jury Commission. Ms. Herman appeared in a newspaper photograph with Ellis and Poluka under which the caption had the words, "they are complaining." Ellis and Poluka also filed a complaint against Judge Webb with the Judicial Conduct Board. Ms. Herman contends that she "supported" the filing of the complaint.

The Carbon County Commissioners, acting in accord with the recommendation of the Carbon County Salary Board and Judge Webb, voted in favor of implementing Judge Webb's proposal, eliminated the full-time position of jury clerk and replaced it with the part time-position. This was done despite the efforts of Ms. Herman. Ms. Herman claims that Judge Webb told her that her position was changed to part-time in retaliation for the actions taken against him by Jury Commissioners Ellis and Poluka. Many of Ms. Herman's duties as Jury Clerk were transferred to a woman who was younger than she.

Based on these occurrences, Ms. Herman brought a civil suit in the United States District Court for the Middle District of Pennsylvania (district court) against Carbon County, Carbon County Court Administrator Roberta Brewster, Carbon County Commissioner William O'Gurek, Commissioner Wayne Nothstein and Commissioner Charles Getz. In her complaint, she alleged that, by eliminating her full-time position, the parties she sued: (1) violated her first amendment rights; (2) violated her due process rights; (3) violated Pennsylvania's Whistleblower Law, 43 Pa.C.S. §§ 1421-1428; and (4) violated the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-634. Attorney Russo represented Ms. Herman in that suit.

When discovery was completed in the district court case, the defendants there filed motions for summary judgment with supporting briefs. Attorney Russo, acting on behalf of Ms. Herman, failed to file a brief in opposition to the motions despite being ordered by the district court to do so. The district court subsequently granted the motions and entered judgment in favor of defendants.

After entry of the order granting summary judgment, attorney Russo filed a motion for reconsideration. In the motion, he explained that his failure to file a brief resulted from staffing problems in his office and a family emergency. The district court granted attorney Russo's motion for reconsideration and ordered him to file a brief in opposition to the motions for summary judgment and a statement of facts under to District Court Local Rule 56.1. Local Rule 56.1 requires a party moving for summary judgment to submit a list of undisputed facts and to cite the record to corroborate the list. Under the rule, the party opposing summary judgment must submit a responsive itemized list of disputed facts with citations to the record.

Attorney Russo filed a brief. He also filed a statement of facts under Local Rule 56.1. However, the district court noted that Attorney Russo's statement of facts did not adhere to the rule in several respects. First, Attorney Russo's statement did not specifically respond to each of the numbered paragraphs of the statement of facts by the parties seeking summary judgment. Second, the statement failed to include citations to portions of the record. Third, the statement of facts was nearly a verbatim recitation of the allegations in the complaint.

On May 5, 2009, the district court entered an order

granting the motions for summary judgment and dismissing all of Ms. Herman's claims. Ms. Herman filed an appeal to the United States Court of Appeals for the Third Circuit (circuit court). On September 14, 2010, the circuit court affirmed the district court's order granting the motions for summary judgment.

Ms. Herman began the present legal malpractice suit by filing a praecipe for writ of summons against attorney Russo on March 3, 2011, and, on May 15, 2012, she filed the current complaint. The complaint has the following counts: count I (professional negligence), count II (breach of contract/covenant of good faith and fair dealing), and count III (breach of fiduciary duty). In the complaint, Ms. Herman alleges that attorney Russo was negligent in his representation of her in the district court case as a result of which her claims in that case were dismissed by summary judgment. The complaint also contains breach of contract and breach of fiduciary duty claims, but these claims are premised on attorney Russo's alleged professional negligence.

Ms. Herman says that attorney Russo was negligent in three separate ways. First, she alleges that attorney Russo's failure to adhere to District Court Local Rule 56.1 resulted in that court's only considering defense evidence in ruling on the summary judgment motions. Next, she argues that attorney Russo failed to engage in adequate discovery and develop a factual record that could withstand summary judgment. Third, she contends that attorney Russo should have named Judge Webb as a defendant in the district court case because she had a valid first amendment retaliation claim against the judge.

Attorney Russo filed a motion for summary judgment on November 14, 2012, which is now before the court. Ms. Herman filed an answer in opposition. For the reasons that follow, I grant the motion for summary judgment as to malpractice by attorney Russo based on his alleged mishandling of the district court suit against the defendants named therein who were Carbon County Court Administrator Roberta Brewster and Commissioners William O'Gurek, Wayne Nothstein and Charles Getz. However, I deny summary judgment on this malpractice suit for the claim related to attorney Russo's failure to name Judge Webb as a defendant in the district court case.

To succeed in a legal malpractice action, the Pennsylvania Supreme Court has held that,

> a plaintiff must prove a case within a case since he must initially establish by a preponderance of the evidence that he would have recovered a judgment in the underlying action.... It is only after the plaintiff proves he would have recovered a judgment in the underlying action that the plaintiff can then proceed with proof that the attorney he engaged to prosecute or defend the underlying action was negligent in the handling of the underlying action and that negligence was the proximate cause of the plaintiff's loss since it prevented the plaintiff from being properly compensated for his loss.

*Kituskie v. Corbman*, 552 Pa. 275, 282, 714 A.2d 1027, 1030 (1998).

Was attorney Russo's decision not to name Judge Webb as a defendant in the district court suit malpractice? Before that earlier suit was brought, plaintiff and attorney Russo

discussed naming Judge Webb as a defendant on a first amendment retaliation theory. Here is attorney Russo's summary of that discussion:

> She (Ms. Herman) asked me what I thought about it (joining Judge Webb as a party in the earlier suit). And my response was that suing a judge would completely change the complexion of the case. First of all, the sympathy level that we would expect to receive from the trier of fact, from other judges, would be minimized and I think would have a deleterious effect on the strength of her case, on the thrust of our case. So I argued against it. She, at least from what I could tell, appeared to accept my argument that it would not be a good idea.

Deposition of attorney Donald Russo, (10/4/12), p. 35 (attached to "plaintiff's response in opposition to defendant's motion for summary judgment" as Exhibit A).

The Honorable James M. Munley was the judge on the United States District Court for the Middle District of Pennsylvania who granted the motions for summary judgment in the district court case. In the opinion that he drafted accompanying the order by which the motions for summary judgment were granted that case, he gave a summary of the law of first amendment retaliation. memorandum, (5/6/09), pp. 8-10, *Herman v. County of Carbon, et al.* (3:04cv614). I incorporate that portion of Judge Munley's opinion into this opinion. On the other hand, I do not rely on the following dictum which Judge Munley stated in his earlier opinion: "Plaintiff (Ms. Herman) has therefore produced evidence by which a jury

could conclude that Judge Webb sought to reduce her hours in retaliation for her support of the jury commissioners in their dispute with him. Judge Webb, however, is not a defendant in this case (the earlier district court case)." memorandum, (5/6/09), p.12. Rather, my independent inquiry leads me to the conclusion that suit may proceed against attorney Russo for failing to join Judge Webb on the earlier first amendment retaliation claim.

Although there are many facts to be sorted out in the next discovery period and at trial, there are sufficient facts to support each element of a retaliation claim. In *Brennan v. Norton*, 350 F.3d 399 (3d Cir. 2003), the United States Court of Appeals for the Third Circuit explained that a public employee bringing a first amendment retaliation claim had to demonstrate the following: (1) the employee engaged in speech that involved a matter of public concern; (2) the employee's interest in the speech outweighs the potential harm the speech may cause to the public employer's ability to provide efficient services; and (3) the speech was a substantial or motivating factor for the employer taking a retaliatory action against the employee. *Id.* at 412-414.

The record before Judge Munley demonstrated that plaintiff served as an employee of the Carbon County Jury Selection Commission, which was composed of Brenda Ellis, William Poluka and Judge Webb. After Ellis and Poluka voted against Judge Webb's recommendation to eliminate plaintiff's position, plaintiff openly supported Ellis and Poluka when they spoke with the media about jury selection commission issues which could be considered matters of public concern. Plaintiff then appeared in the newspaper photograph with Ellis and Poluka which had

in the caption, "they are complaining." Plaintiff also "supported" the filing of the complaint by Ellis and Poluka with the Judicial Conduct Board. Finally, plaintiff claimed that Judge Webb told her that her position was changed to part-time in retaliation for her support of the actions taken by Ellis and Poluka. Accepting all of these contentions as true, plaintiff could have maintained a First Amendment retaliation claim against Judge Webb.

In defense to the claim that he committed malpractice by not naming Judge Webb as a defendant in the district court suit, attorney Russo cites *Muhammad v. Strassburger*, 526 Pa. 541, 587 A.2d 1346 (1991), for the proposition that the determination of who should be joined in a lawsuit is an issue of legal strategy which cannot form the basis of a legal malpractice action. The Pennsylvania Supreme Court makes no such sweeping statement in its *Muhammad* decision. Rather, under *Muhammad*, unless fraud can be shown, a legal malpractice action will not be sustained which is brought by a dissatisfied plaintiff against his attorney for a settlement to which the plaintiff agreed. *Muhammad* has a narrow application which is not pertinent to this case.

One may question whether suit may proceed against a judge in the face of the concept of judicial immunity. Immunity was not raised in the present case and, perhaps, for good reason. It has been observed that "administrative, legislative or executive functions" of a judge, even if he is required to perform those in his official capacity, are not "purely judicial acts" entitled to judicial immunity. *Langella v. Cercone*, 34 A.3d 835, 839 (Pa.Super. 2011).

In sum, plaintiff can pursue her malpractice claim

against attorney Russo based on the failure to sue Judge Webb in the district court case. Further, because plaintiff's breach of contract and breach of fiduciary duty claims against attorney Russo are also premised on the attorney's alleged negligence in failing to sue Judge Webb, plaintiff may also pursue those claims at trial.

Summary judgment must be granted for attorney Russo on all claims for legal malpractice in regard to the earlier suit that he brought against Carbon County, the court administrator and the commissioners (hereafter, "the county defendants"). Judge Munley ruled as a matter of law that the various theories Russo stated against the county defendants in the district court action were meritless. But plaintiff says, in the present case, that all of the facts were not properly developed and presented to Judge Munley by attorney Russo. Had he done so, according to the plaintiff, summary judgment would not have been granted by Judge Munley and plaintiff would have eventually had a favorable result in the earlier suit. This has not been shown with the record presented to me for disposition of the present motion for summary judgment. There is nothing new in the present case to indicate that Judge Munley was insufficiently informed in ruling on summary judgment.

The parties must consider the fashion in which Judge Munley handled attorney Russo's Local Rule 56.1 statement of facts. Refer to footnote 1 of the memorandum in which Judge Munley stated the facts that he would consider in deciding the earlier motions for summary judgment. Footnote I reads:

These facts are taken from the plaintiff's ... complaint. The plaintiff has never filed with the court a statement

of material facts that references the relevant portions of the record, as required by Local Rule 56.1. In the relevant portions of the opinion, however, the court will address the relevant facts cited by all parties.

Memorandum, (5/6/09), p. 1. It would appear from this that Judge Munley used a factual scenario stating plaintiff's best case as stated in the complaint in deciding the motions for summary judgment.

Additionally, the present legal malpractice action provided plaintiff with the opportunity to develop a record to show what facts attorney Russo failed to develop in the earlier district court case. Despite the provision of months for plaintiff to develop this additional record, plaintiff has presented nothing beyond what Judge Munley knew. The only effort at supplementing the record was done with the filing of exhibits on November 14, 2012, by defendant attorney Russo. There were no new facts in these exhibits. Thus, there is no showing that Judge Munley's dismissing the county defendants was improper. Since his ruling was made as a matter of law, there is no basis now for a legal malpractice action against attorney Russo related to the county defendants.

Defendant also asks for summary judgment because plaintiff failed to produce expert testimony to support her malpractice action against attorney Russo. It is understandable that plaintiff would interpret Paragraph 1 of the June 21, 2012, order as not compelling expert discovery by October 1, 2012. Paragraph 1 left open the possibility of further discovery after disposition of the present motion for summary judgment. Fairness requires that plaintiff be provided time after today's ruling to secure

expert testimony. Accordingly, the Lehigh County court administrator will be scheduling this case for another status conference before the presently assigned judge for him to determine the appropriate expert discovery deadline and for whatever other action he deems appropriate.