**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2575
_____

ELIZABETH REDDING,
                                                      Appellant

v.

THE ESTATE OF ROBERT SUGARMAN, ESQ.
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 07-cv-04591)
District Judge:  Honorable Juan R. Sanchez

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 1, 2013

Before: AMBRO, HARDIMAN and ROTH, Circuit Judges

(Opinion filed: August 22, 2013)
_____

OPINION
_____

PER CURIAM

        Elizabeth Redding appeals pro se from the District Court's entry of summary

judgment in favor of the Estate of Robert Sugarman, Esquire.  We will affirm.

## I.

Redding filed pro se a legal malpractice complaint against Robert Sugarman alleging that a Pennsylvania medical malpractice action in which he represented her was dismissed because he failed to retain an expert. Sugarman defaulted on the complaint but successfully moved to vacate the default with a motion that summarized his defense— i.e., that a physician who Redding told him would testify refused to do so and instead told him that the defendant physician had not been negligent, and that neither he nor Redding could find an expert willing to testify on Redding's behalf. Sugarman passed away thereafter and his Estate was substituted as the defendant. The District Court directed Redding to file a certificate of merit pursuant to Pennsylvania law, and Redding complied by certifying that "expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim." Pa. R. Civ. P. 1042.3(a)(3). That rule further provides that such certifications are binding and that, "in the absence of exceptional circumstances . . . the trial court shall preclude the plaintiff from presenting testimony by an expert on the questions of standard of care and causation." Id., 1042.3(a)(3) official note.

The District Court deemed Redding's certificate deficient and dismissed her complaint, but we reversed and remanded. See Liggon-Redding v. Estate of Sugarman,

659 F.3d 258, 266 (3d Cir. 2011).[1] We held both that the Pennsylvania certificate of merit requirement applies in federal court and that Redding's certification complied with Rule 1042.3(a)(3). We explained that, although the consequence of her certification was the preclusion of expert testimony absent exceptional circumstances, the certification "allows the case to proceed to discovery, leaving the consequences of [her] decision to be dealt with at a later stage of the litigation, such as summary judgment or trial." Liggon-Redding, 659 F.3d at 265.

The parties engaged in discovery on remand. After the close of discovery, the Estate filed a motion for summary judgment on the ground that Redding could not meet her burden of proof without expert testimony, which she did not proffer during (or after) discovery. The District Court agreed and entered summary judgment in favor of the Estate. The District Court later denied Redding's timely motion for reconsideration, and she now appeals pro se from the entry of summary judgment only.[2]

## II.

Under Pennsylvania law, Redding was required to prove, inter alia, that (1) Sugarman failed to exercise ordinary skill and knowledge and (2) his negligence was the

---

[1] Redding's name was captioned as "Liggon-Redding" in her prior appeal, but we will refer to her as Redding as the parties do in this one.

[2] The District Court had diversity jurisdiction under 28 U.S.C. § 1332 and we have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the entry of summary judgment. See Lomando v. United States, 667 F.3d 363, 371 (3d Cir. 2011). In doing so, we draw all reasonable inferences from the record in favor of the non-moving party and will affirm if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. See id.

proximate cause of damages. See Gans v. Mundy, 762 F.2d 338, 341 (3d Cir. 1985). In order to prove damages, Redding was required to prove the "case within a case"—i.e., to show by a preponderance of evidence that, but for Sugarman's alleged failure to retain an expert, she would have prevailed in the underlying medical malpractice action. Kituskie v. Corbman, 714 A.2d 1027, 1030 (Pa. 1998). Thus, Redding was required to show that both Sugarman and the defendant doctor in her state malpractice action deviated from the applicable standard of care. See Lentino v. Fringe Emp. Plans, Inc., 611 F.2d 474, 480 (3d Cir. 1979). "Expert testimony is required to establish the relevant standard and whether the defendant complied with that standard, except where the matter under investigation is so simple, and the lack of skill so obvious, as to be within the range of the ordinary experience and comprehension of non-professional persons." Id. (internal citations omitted). When a plaintiff fails to proffer the required expert evidence in response to a properly supported motion for summary judgment, summary judgment is appropriate. See Gans, 762 F.2d at 343. In this case, the District Court concluded that the alleged negligence of neither Sugarman nor the state-defendant doctor was so obvious that Redding could prove it without expert evidence. After reviewing the record, we agree with the District Court for the reasons given in its thorough opinion.

Redding does not meaningfully challenge these conclusions on review. We construe her pro se briefs as raising three arguments, but none has merit. First, Redding argues that we decided in her previous appeal that she did not require expert evidence to support her claim. She appears to rely on a hypothetical question posed by a panel

4

member during oral argument. It is clear from our opinion, however, that we did not reach the issue of whether an expert would be required, and instead decided only that Redding's certification was sufficient to proceed to discovery and that the consequences of her certification that no expert was required could be "dealt with at . . . summary judgment." Liggon-Redding, 659 F.3d at 265.

Second, Redding argues that the District Court "ignored" evidence and argument she submitted in opposition to summary judgment—i.e., photographs of her underlying injury and her assertion that two treating physicians could testify (as lay witnesses only) about their treatment of that injury. The District Court specifically discussed the possible lay testimony of these physicians and explained why it would be insufficient to raise a genuine issue for trial. The District Court also stated at oral argument that it had reviewed the photographs Redding submitted. We agree that the potential testimony of these physicians did not obviate the need for expert testimony as to the underlying medical malpractice claim, and we further note that none of this evidence has any bearing on the standard of care applicable to Sugarman on Redding's legal malpractice claim.[3]

Finally, Redding argues that the District Judge appeared to be "angry" with her

---

[3] We have been unable to review the photographs themselves because the District Court, deeming them sensitive in nature, returned them to Redding during argument. There is no need for us to do so, however, because Redding has not specified how the photographs would have obviated the need for expert testimony as to the alleged medical malpractice and, even if they did, they would have no bearing on the alleged legal malpractice that is the subject of her claim. In this regard, we note a certain inconsistency between Redding's contentions that her medical malpractice claim does not require an expert but that Sugarman committed legal malpractice by failing to obtain one.

following our remand and engaged in an ex parte communication with defense counsel about whether Redding would appeal. Redding has not cited any evidence of any impropriety, however, and our review of the record reveals none.

For these reasons, we will affirm the judgment of the District Court.