**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-3302
_____

DAVID HATCHIGIAN,
                                                    Appellant
v.

KRISTEN A. MORRIS, Esq.; ABCO REFRIGERATION SUPPLY CORPORATION;
ROGER FAY, Esq.; SKLAR LAW, LLC

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civil Action No. 2:22-cv-02866)
District Judge: Honorable Chad F. Kenney

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 26, 2023
Before: JORDAN, CHUNG, and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 28, 2023)
_____

OPINION*
_____

PER CURIAM

        Pro se appellant David Hatchigian appeals the District Court's dismissal of his

complaint, which he filed against ABCO Refrigeration Supply Corporation ("ABCO")

and the lawyers who represented ABCO in a prior state court action.  For the reasons that

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

follow, we will affirm the District Court's judgment.

I.

In 2018, Hatchigian filed an action in Pennsylvania state court seeking relief against ABCO and other defendants regarding an HVAC compressor that he purchased from ABCO. Sklar Law, LLC, represented ABCO during the time relevant to this case.

ABCO's corporate designee attended a deposition in 2019. Hatchigian subsequently filed a motion to compel a second deposition of ABCO based on allegations that a Sklar Law attorney directed the corporate designee not to answer questions about the HVAC compressor and manufacturing issues. The motion to compel was denied after a hearing in which the state court judge concluded that: (1) ABCO's corporate designee was produced in accordance with the court's order; (2) ABCO's counsel generally made proper objections; (3) even if some objections were improper, the corporate designee ultimately answered those questions that were relevant to Hatchigian's claims.

Summary judgment was granted in favor of ABCO in 2020. Hatchigian continued to unsuccessfully pursue motions to compel another deposition of ABCO while a portion of the case continued against another defendant. Hatchigian also filed motions for sanctions regarding the ABCO corporate designee deposition, which were denied.

Hatchigian then initiated the action underlying this appeal in the District Court in July 2022. He named ABCO as a defendant, as well as Sklar Law and two of its attorneys, Kristen A. Morris and Roger Fay. Hatchigian alleged fraud on the court, professional negligence, and negligent retention and supervision. Specifically, he claimed that the objections made during ABCO's deposition by a Sklar Law attorney

2

constituted discovery abuse that interfered with his ability to prove his claims. He also claimed that ABCO's motion for summary judgment was filed on the last day of discovery in bad faith. The District Court dismissed Hatchigian's complaint with prejudice on defendants' motion. Hatchigian timely appealed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's dismissal of Hatchigian's claims. See Fowler v. UPMC Shadyside, 578 F.3d 203, 206 (3d Cir. 2009). Dismissal is appropriate "if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that [the] plaintiff's claims lack facial plausibility." Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011).

The District Court appropriately dismissed Hatchigian's complaint. First, even if a claim of fraud on the court, ordinarily used to challenge the finality of a judgment, see Herring v. United States, 424 F.3d 384, 386 (3d Cir. 2005), can be used to obtain an award of damages, Hatchigian did not meet the relevant standard. To allege fraud on the court, Hatchigian had to claim: "(1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) that in fact deceives the court." See id. at 390. We have explained that such action "must constitute egregious misconduct . . . such as bribery of a judge or jury or fabrication of evidence by counsel." Id. (internal quotation marks and citation omitted). At most, Hatchigian alleged that a Sklar Law attorney made improper objections during a deposition, which were later reviewed by a state court judge who concluded that the witness nonetheless answered those questions that were relevant to the case. Such behavior is not on the level of bribery or fabrication

of evidence, as any improper objections could have been remedied by the state court if it concluded that relevant evidence was withheld. Further, Hatchigian has not explained how the timely filing of ABCO's motion for summary judgment constituted fraud on the court.[1]

Next, Hatchigian did not state a claim for professional negligence based on opposing counsel's actions. To bring his professional negligence claim under Pennsylvania law, Hatchigian had to allege, among other factors, "employment of the attorney or other basis for a duty." Kituskie v. Corbman, 714 A.2d 1027, 1028 (Pa. 1998). Unless "special circumstances" are present, "[t]he general rule is that an attorney will be held liable for negligence only to his client." Smith v. Griffiths, 476 A.2d 22, 26 (Pa. Super. Ct. 1984). Hatchigian has not identified any precedent suggesting that this case presents a rare "special circumstance" such that an attorney can be held personally liable for negligence to a third party for making objections during a deposition on behalf of a client, and we are not aware of any.[2] Similarly, Hatchigian did not state a claim for

---

[1] Hatchigian argues in his brief that he should have been able to change this claim to one of common law fraud under Pennsylvania law or that the District Court should have liberally construed his claim as raising a claim of common law fraud. However, such a claim would have fared no better, as Hatchigian did not allege to have relied on a misrepresentation by any defendant. See Scaife Co. v. Rockwell-Standard Corp., 285 A.2d 451, 454 (Pa. 1971) (stating the elements of claim for fraudulent misrepresentation). Rather, he immediately challenged their representations in the underlying state court action.

[2] Hatchigian seeks to convert this claim to one of negligent misrepresentation under Pennsylvania law. Amending his complaint to add this claim would not aid him because, again, he has not alleged that he relied on a misrepresentation by any defendant. See Excavation Techs., Inc. v. Columbia Gas Co. of Pa., 936 A.2d 111, 115 (Pa. Super. Ct. 2007), aff'd, 985 A.2d 840 (Pa. 2009).

4

negligent supervision or retention against Morris or Fay because he has not identified a duty of care that Sklar Law owed to him in the course of representing an opposing party.[3] See Belmont v. MB Inv. Partners, Inc., 708 F.3d 470, 487-88 (3d Cir. 2013).  Further, Hatchigian has not explained how Morris or Fay acted outside of the scope of their employment when they made objections on behalf of a client during a deposition.  See id. at 489 (explaining that a claim for negligent supervision typically involves wrongful acts by employees that are "outside the scope of employment or not in furtherance of the principal's business") (citation omitted).

In this case, granting Hatchigian further leave to amend would have been futile. Accordingly, the District Court did not abuse its discretion when it dismissed his complaint with prejudice.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).  Hatchigian has not argued that he could offer additional factual allegations to overcome the barriers to relief discussed above.

Accordingly, we will affirm the judgment of the District Court.

---

[3] We note that Hatchigian sought injunctive relief in his complaint, but he does not raise that issue on appeal and has thus forfeited it.  See In re Wettach, 811 F.3d 99, 115 (3d Cir. 2016) (explaining that any issue an appellant fails to develop in an opening brief is forfeited).