**Melodie MYERS, Appellant,**

v.

**ROBERT LEWIS SEIGLE, P.C., Southhampton Legal Services, Inc., Robert Lewis Seigle, Esquire And Merideth L. Seigle, Esquire, Appellees.**

Superior Court of Pennsylvania.

Argued April 6, 2000.
Filed May 2, 2000.

Robert T. Fendt, Philadelphia, for appellant.

Christopher D. McDemus, Philadelphia, for appellees.

Before McEWEN, President Judge, and JOYCE, J. and TAMILIA, J.

TAMILIA, J.:

¶ 1 Appellant, Melodie Myers, appeals the September 28, 1999 Order granting summary judgment in favor of appellees, Robert Lewis Seigle, P.C., Southampton Legal Services, Inc., Robert Lewis Seigle, Esq., and Meredith L. Seigle, Esq. On appeal, appellant argues the increased risk of harm standard applies to her legal malpractice action and that there was sufficient evidence of causation to submit the case to a jury.

¶ 2 The underlying claim in this legal malpractice action involved a single motor vehicle accident, during which appellant lost control of her car and struck a tree. Appellant remained in a coma for months and, upon recovery, failed to recall any details of the· accident. Appellees were retained to represent appellant in a suit against any responsible parties. After an investigation into the cause of the accident, appellees filed a complaint against Penn-DOT claiming it failed to properly maintain the road.[1] Assignment of Title for the

---

1. On February 10, 1999, the action against PennDOT was dismissed on summary judgment.

damaged vehicle, which was owned by appellant's husband, was forwarded to their insurance company, who paid appellant's husband $10,980.50 for the remains of the van and sold it to an automobile company for spare parts. In July 1994, appellant dismissed appellees and retained another attorney, who subsequently filed a breach of warranty and products liability cause of action against Chrysler Corporation (Chrysler). On September 10, 1998, the court granted Chrysler's motion for summary judgment. Thereafter, appellant filed this legal malpractice action against appellees, claiming they failed to conduct a reasonable investigation of the accident and failed to have her vehicle inspected for design and manufacturing defects. The trial court found appellant could not offer any evidence of causation of the accident and, thus, granted appellees' motion for summary judgment. This timely appeal followed.

¶ 3 Appellant presents one question for our review: "Should the trial court have considered the increased risk of harm standard of causation in a legal malpractice case and, if so, has [appellant] produced sufficient evidence for the case to go to a jury?" (Appellant's Brief at 1a.)

¶ 4 "In reviewing an order granting a motion for summary judgment, an appellate court must examine the entire record in the light most favorable to the non-moving party and resolve all doubts against the moving party." *Banks v. Jerome Taylor & Assocs.*, 700 A.2d 1329, 1330 (Pa.Super.1997). A trial court's order granting a motion for summary judgment will not be reversed absent an error of law or an abuse of discretion. *Robbins & Seventko Orthopedic Surgs. v. Geisenberger*, 449 Pa.Super. 367, 674 A.2d 244 (1996).

¶ 5 Appellant contends appellees had a duty to gather and preserve all relevant evidence, including her vehicle, in investigating and pursuing her cause of action. She alleges appellees' negligent spoliation of evidence of design and manufacturing defects of her vehicle precluded any possibility that she would prevail in the breach of warranty and products liability action against Chrysler. (Appellant's brief at 11.)

¶ 6 In order to establish a claim of legal malpractice, appellant must demonstrate:

1) employment of the attorney or other basis for a duty; 2) the failure of the attorney to exercise ordinary skill and knowledge; and 3) that such negligence was the proximate cause of damage to the plaintiff.

*Kituskie v. Corbman*, 552 Pa. 275, 281, 714 A.2d 1027, 1029 (1998). Our Supreme Court stated:

An essential element to this cause of action is proof of actual loss rather than a breach of a professional duty causing only nominal damages, speculative harm or the threat of future harm. Damages are considered remote or speculative only if there is uncertainty concerning the identification of the existence of damages rather than the ability to precisely calculate the amount or value of damages. In essence, a legal malpractice action in Pennsylvania requires the plaintiff to prove that he had a viable cause of action against the party he wished to sue in the underlying case and that the attorney he hired was negligent in prosecuting or defending that underlying case (often referred to as proving a "case within a case").

*Id*, at 281, 714 A.2d at 1030 (citation omitted).

¶ 7 In this case, the trial court stated:

[Appellant] cannot prove that she had a viable cause of action against Chrysler. She is unable to show any evidence that the automobile accident was caused by a mechanical problem or defect of the automobile. She could not find any design defect in automobiles of a similar make

and model to her van. [Appellant's] expert could not opine as to a mechanical problem or defect for this particular automobile. Finally, [appellant] does not recall the accident nor were there any witnesses to it. There is simply no evidence from which a jury could conclude that [appellant] would have prevailed in the underlying automobile lawsuit (Trial Court Opinion, 12/3/99 at 5–6, Devlin–Scott, J.).

The court did not apply the increased risk of harm standard, which is defined at the Restatement (Second) of Torts § 323, **Negligent Performance of Undertaking to Render Services**:

One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of the other's person or things, is subject to liability to the other for *physical harm* resulting from his failure to exercise reasonable care to perform his undertaking, if:

(a) his failure to exercise such care increases the risk of such harm, or

(b) the harm is suffered because of the other's reliance upon the undertaking.

R.2d Torts, § 323 (emphasis added). The court concluded appellees' conduct did not result in physical harm to appellant and, thus, the increased risk of harm standard was inapplicable.

¶ 8 A review of the case law in the Commonwealth shows that the issue of whether the increased risk of harm standard should be applied to a legal malpractice cause of action is a case of first impression for this Court. Our Federal District Court for the Eastern District, however, addressed this issue:

The language of the Restatement indicates that a plaintiff under this section must have suffered a physical injury resulting from the negligent rendition of services, whether gratuitous or contracted for. In the instant case, plaintiff seeks damages for injuries resulting from the negligent rendition of contracted for legal services. However, he does not assert any physical injury. Plaintiff has also failed to direct this court to any Pennsylvania decision applying section 323(a) to a legal malpractice case. In Hamil, the very case cited by plaintiff, the court applied section 323(a) to a medical malpractice case. The Pennsylvania Supreme Court limited its holding in Hamil to cases where the issue is the adequacy of medical services rendered in a fact situation to which section 323(a) applies ...

*Gans v. Gray*, 612 F.Supp. 608, 614 (E.D.Pa.1985) (citations omitted). Furthermore, the Court stated, "Although it may impose a particular hardship on a malpractice plaintiff to show that he would have prevailed in the underlying action in order to establish actual damages, the potential problems facing attorneys in the absence of such a rule would seem more monumental." *Id.* at 617 (citation omitted). We agree with this interpretation of our law and, thus, will not apply an increased risk of harm standard to legal malpractice actions.

¶ 9 As previously noted, the Pennsylvania Supreme Court has firmly established the elements in a legal malpractice cause of action and emphasized that proof of actual loss is not satisfied by evidence of remote or speculative harm. *See Rizzo v. Haines*, 520 Pa. 484, 555 A.2d 58 (1989); and *Mariscotti v. Tinari*, 335 Pa.Super. 599, 485 A.2d 56 (1984). Accordingly, to prove actual injury, appellant must demonstrate that she would have prevailed in the underlying action in the absence of appellees' alleged negligence.

¶ 10 In this case, the record reveals that in the early morning hours of January 4, 1994, appellant's Dodge Caravan struck a tree after veering off of the road. Appellant could not recall the details of the incident, to which there were no witnesses. Appellees investigated the cause of the accident by consulting police officers who arrived at the scene of the accident, car

mechanics at the garage where the damaged van was stored, and appellant's husband, who owned the vehicle. Appellees determined there was no mechanical problem or design defect with the van and that the icy condition of the road was the cause of the accident. Thereafter, when title to the vehicle was assigned to General Accident Insurance Company, appellant's husband secured the insurance proceeds for the property damage and the van was sold to Aumiller Auto Parts (Aumiller). For approximately two years after appellees were dismissed from representing appellant, during which time another attorney filed a cause of action against Chrysler, Aumiller continued to remove and sell various parts of the vehicle.

¶ 11 In the action against Chrysler, Chrysler requested summary judgment under a spoliation of evidence theory.[2] Appellant argued the design defect in her van was common to all Dodge Caravans and that she could prove the defect by examining other vans of similar make, model and year. The court denied Chrysler's motion for summary judgment and allowed appellant to proceed without evidence from her actual van. Appellant retained an engineering and biomechanics expert to determine the cause of the accident; however, after his investigation, the expert could not render such an opinion. The court, upon Chrysler's second motion for summary judgment, dismissed appellant's claim.

¶ 12 In light of the record, it is clear appellant could not prevail in a breach of warranty and products liability cause of action against Chrysler due to the lack of evidence regarding causation. Appellant did not identify the design or manufacturing defect that allegedly caused her van to veer off of the road. Appellees determined, after a thorough investigation, the icy road condition caused appellant's accident and, thus, the disposal of the van at the request of the owner was reasonable. In addition, the majority of time during which appellant's van was stripped for parts, appellees were no longer representing appellant. Appellant retained another attorney, who did not secure the remains of the van. Because appellant suffered no actual injury from any alleged negligent conduct by appellees, we cannot find the trial court committed an error of law or an abuse of discretion by granting appellees' motion for summary judgment.[3]

¶ 13 Order affirmed.

---

2. When deciding the proper penalty for spoliation of evidence, our Supreme Court has adopted the three-prong test set forth by the Third Circuit Court of Appeals in *Schmid v. Milwaukee Elec. Tool Corp.*, 13 F.3d 76 (3d Cir.1994).

> In deciding the proper penalty for the spoliation of evidence, the Third Circuit found relevant (1) the degree of fault of the party who altered or destroyed the evidence; (2) the degree of prejudice suffered by the opposing party, and (3) the availability of a lesser sanction that will protect the opposing party's rights and deter future similar conduct....

*Schroeder v. DOT*, 551 Pa. 243, 250, 710 A.2d 23, 27 (1998).

3. In light of the disposition of this case, it is unnecessary to address appellant's remaining claim that there was sufficient evidence under the increased risk of harm standard to submit the case to a jury.