OPINION OF THE COURT
FISHER, Circuit Judge.
Based on his experience in the foster care system of the Philadelphia Department of Human Services (“DHS”), plaintiff Christopher Weller brought suit against defendants Cheryl Ransom-Garner, Commissioner of DHS, the City of Philadelphia (the “City”), Valerie Jones, and the Defender Association of Philadelphia, claiming that Ransom-Garner and the City are liable for constitutional and tort-law violations and Jones and the Defender Association are liable for legal malpractice. The District Court granted the defendants’ motions for summary judgment, dismissing all of Weller’s claims against all defendants. We will affirm.
I.
We write exclusively for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.
A.
Weller was born in May 1985 to Pearl and James Moon. Several months after Weller’s birth, he and his siblings were taken into the temporary custody of DHS. The children were placed in the foster home of Carolee and William Weller, and while Weller’s siblings eventually returned to the Moons, he remained with his foster parents. At some unspecified point during Weller’s dependency, Valerie Jones, a Child Advocate for the Defender Association, was assigned to represent him.
In January 1989, the Court of Common Pleas of Philadelphia County, Family Division, issued a Dependency Review Order indicating that, although Weller remained committed to DHS custody, the “goal” for Weller had “changed to adoption.” In early 1991, the Wellers moved to Tennessee, taking Weller with them. But in May of that year they returned to Philadelphia to attend a hearing before the Court of Common Pleas, at which time the Court ordered Weller to begin visitations with the Moons. Soon after those visitations began, however, a report was filed indicating that Weller had experienced sexual abuse during his time spent with the Moons and, as a consequence, the Court of Common Pleas ordered that Weller would remain in DHS custody and be placed with an aunt. In January 1992, the Court of Common Pleas ordered that he be returned to the Wellers in Tennessee, where he apparently remains.
*251 B.
Weller initiated the present action in the Court of Common Pleas of Philadelphia County and the case was subsequently removed to the United States District Court for the Eastern District of Pennsylvania. In his amended complaint, Weller alleges that Ransom-Garner and the City were liable under 42 U.S.C. § 1983 because they violated his “civil rights” by favoring his return to his biological parents even though that was not in his best interest and by failing to implement a policy that required a child to be adopted or secured in permanent placement after a certain period of time. In addition, he claims that the City negligently handled his case and also acted intentionally against his best interest. Finally, he asserts that Jones and the Defender Association committed legal malpractice based on their involvement with his case. He claims various physical and emotional injuries, medical expenses, and loss-of-earning capacity.
The defendants moved for summary judgment and the District Court granted the defendants’ motions, dismissing all of Weller’s claims. See Weller v. Ransom-Garner, No. 05-2758, 2008 WL 2579748 (E.D.Pa. June 25, 2008). Weller filed a motion to alter or amend the judgment, which the District Court denied. Weller filed this timely appeal.[1]
II.
The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1367 and we have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over a district court’s order granting summary judgment, applying the same standard as the district court.[2] Jiminez v. All Am. Rathskeller, Inc., 503 F.3d 247, 249 (3d Cir.2007). Summary judgment is appropriate if, construing “all of the facts and inferences in the light most favorable to the nonmoving party,” Peters v. Del. River Part Autk, 16 F.3d 1346, 1349 (3d Cir.1994), “the pleadings, the discovery and the disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law,” Fed. R.Civ.P. 56(c). “An issue is genuine only if there is a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party, and a factual dispute is material only if it might affect the outcome of the suit under governing law.” Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir.2006) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).
*252 III.
A.
The District Court granted summary judgment in favor of Ransom-Garner and the City on Weller’s § 1983 claims, explaining that, as an initial matter, it would treat Weller’s claim against Ransom-Garner as a claim against the City because there was no evidence establishing that Ransom-Garner could be held liable in her individual capacity. Weller, 2008 WL 2579748, at *3 (citing Kentucky v. Graham, 473 U.S. 159, 165-66, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985), and Monell v. Dep’t of Soc. Servs., 436 U.S. 658, 690-91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)). As for Weller’s claim against the City, the District Court determined that there was insufficient evidence for a reasonable jury to find municipal liability. Id. at *3-4. While Weller does not contest the District Court’s ruling with respect to Ransom-Garner,[3] he argues that he produced sufficient evidence as to the City’s liability to survive summary judgment. We disagree.[4]
To establish municipal liability under § 1983, a plaintiff must show that the “government’s policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury,” Monell, 436 U.S. at 694, 98 S.Ct. 2018, and that there is a “direct causal link between a municipal policy or custom and the alleged constitutional deprivation,” City of Canton v. Harris, 489 U.S. 378, 385, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989). The plaintiff carries “the burden of showing that a government policymaker is responsible by action or acquiescence for the policy or custom” and “at a minimum, the government must act with deliberate indifference to the purported constitutional deprivation in order to ground liability.” Jiminez, 503 F.3d at 250; accord Bd. of County Comm'rs v. Brown, 520 U.S. 397, 404, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997) (“[A] plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights.”).
Here, Weller points to the following evidence: a series of newspaper articles addressing problems with the DHS system, an expert report by Carlin Knight, an attorney with a background in social work, and the deposition testimony of a DHS caseworker who stated that she had a large case load. But contrary to Weller’s argument, this material does not undermine the District Court’s conclusion on this point. See, e.g., Roberts v. City of Shreveport, 397 F.3d 287, 295 (5th Cir. 2005) (concluding that certain newspaper articles, which were “classic, inadmissible hearsay,” even if they were “proven up properly,” were insufficient to oppose a motion for summary judgment in a § 1983 *253 suit); Groman v. Twp. of Manalapan, 47 F.3d 628, 637 (3d Cir.1995) (concluding that the plaintiffs’ “vague assertions” about a department’s “failure to investigate other wrongdoings” and their reference to “the incident in this case” were insufficient to establish a municipal policy or custom giving rise to § 1983 liability). As the District Court correctly determined, the evidence is inadequate as to the critical issues here, including the questions which government officials were responsible for the alleged policy or custom at issue in this case, what the government’s intent was with respect to the alleged policy or custom, and how the alleged policy or custom directly caused Weller’s claimed injuries. See Weller, 2008 WL 2579748, at *4.
B.
The District Court also granted summary judgment in favor of Jones and the Defender Association on Weller’s legal malpractice claim, concluding that there was insufficient evidence regarding the proximate cause element of that claim to survive summary judgment. On appeal, Weller contends that the District Court erred in this regard, but again, we disagree.
The parties do not dispute that Pennsylvania law applies to Weller’s legal malpractice claim. Accordingly, the “[elements of this tort under Pennsylvania law are (1) the employment of the attorney or other basis for duty; (2) the failure of the attorney to exercise ordinary skill and knowledge; and (3) that such negligence was the proximate cause of damage to the plaintiff.” Gans v. Mundy, 762 F.2d 338, 341 (3d Cir.1985) (internal quotation marks omitted); accord Wachovia Bank, N.A. v. Ferretti, 935 A.2d 565, 570-71 (Pa.Super.Ct.2007) (citing Bailey v. Tucker, 533 Pa. 237, 621 A.2d 108, 112 (1993)). “An essential element to this cause of action is proof of actual loss rather than a breach of a professional duty causing only nominal damages, speculative harm or the threat of future harm,” Kituskie v. Corbman, 552 Pa. 275, 714 A.2d 1027, 1030 (1998), and “to prove actual injury, [the plaintiff] must demonstrate that [he or] she would have prevailed in the underlying action in the absence of [the defendant’s] alleged negligence,” Myers v. Robert Lewis Seigle, P.C., 751 A.2d 1182, 1185 (Pa.Super.Ct.2000).
Based on the record, we agree with the District Court that Weller’s legal malpractice claim against Jones and the Defender Association cannot survive summary judgment. To demonstrate causation, Weller offers Knight’s expert report, which contains her opinion that Jones and the Defender Association failed to fulfill their duties as child advocates. But that report does not adequately speak to the causation element of Weller’s claim; it merely indicates that Knight is “at a loss” as to how the Court of Common Pleas could have ordered visitation with the Moons “without the concurrence by DHS and the child advocate.” “To survive summary judgment, a party must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue,” which Weller has failed to do here. Podobnik v. U.S. Postal Serv., 409 F.3d 584, 594 (3d Cir.2005) (internal quotation marks omitted) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)).[5]
*254 IV.
For the foregoing reasons, we will affirm the District Court’s orders.

. Weller apparently does not challenge on appeal the District Court's denial of his motion to alter or amend the judgment, but to the extent he intends to do so, the District Court did not err in denying that motion. See N. River Ins. Co. v. CIGNA Reins. Co., 52 F.3d 1194, 1218 (3d Cir.1995) (“A proper motion to alter or amend judgment must rely on one of three major grounds: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct clear error of law or prevent manifest injustice.” (internal quotation marks omitted)).

. Weller argues that the District Court here misapplied the summary judgment standard by drawing negative inferences against him and reversing the parties' respective burdens, but this contention lacks merit. See generally Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (“Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.... [W]e find no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or other similar materials negating the opponent's claim.”).

. Weller conceded in his memorandum in opposition to summary judgment that he was "unaware of any direct personal involvement by Ms. Ransom-Garner in the operative events of this case.”

. The District Court also granted summary judgment in favor of the City on Weller's tort claims, but Weller does not challenge this ruling on appeal. See Laborers' Int'l Union of N. Am. v. Foster Wheeler Energy Corp., 26 F.3d 375, 398 (3d Cir. 1994) ("An issue is waived unless a party raises it in its opening brief, and for those purposes a passing reference to an issue will not suffice to bring that issue before this court.” (internal quotation marks omitted)). Even if Weller had preserved the issue, we discern no reason to disturb the District Court's ruling. Cf. Sameric Corp. of Del. v. City of Phila., 142 F.3d 582, 600 (3d Cir. 1998) (dismissing state law claims based on the Political Subdivision Tort Claims Act, 42 Pa. Cons.Stat. § 8541 etseq.).

. Weller also urges that the District Court erred in granting summary judgment with respect to this claim because, according to him, "causation is virtually never the subject of a summary judgment motion." We reject this argument. See, e.g., Fedorczyk v. Caribbean Cruise Lines, Ltd.., 82 F.3d 69, 72 (3d Cir.1996) ("Because we agree with the dis *254 trict court that the evidence presented does not create a material issue of fact as to causation, which is an essential element of the tort of negligence, we will affirm ...."); see also Allianz Ins. Co. v. Lerner, 416 F.3d 109, 118 (2d Cir.2005) (concluding that the district court appropriately granted summary judgment for the defendants on the plaintiff's legal malpractice claim because the plaintiff "could not prove negligence or proximate cause”); Jones v. Psimos, 882 F.2d 1277, 1284 (7th Cir. 1989) (concluding that the plaintiff "failed to establish an element of the prima facie case for attorney malpractice in [the state] — causation — and that the district court therefore did not err in granting [the defendant's] Motion for Summary Judgment”).