J-S30045-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| JIN FU ZHONG AND TONG SHING RESTAURANT, INC. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| TSIWEN LAW, ESQUIRE, SHARON ROSE LOPEZ, ESQUIRE, TRIQUETRA LAW, JEAN C. WANG, ESQUIRE AND WANG LAW OFFICE, PLLC | |
| Appellees | No. 2504 EDA 2015 |

Appeal from the Order Entered June 3, 2015
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 00346 March Term, 2014

BEFORE: GANTMAN, P.J., FORD ELLIOTT, P.J.E., and JENKINS, J.

MEMORANDUM BY JENKINS, J.: **FILED MAY 27, 2016**

Jin Fu Zhong and Tong Shing Restaurant, Inc. (collectively "Appellants") filed a legal malpractice action against several attorneys and law firms (collectively "Appellees") alleging that they negligently represented Appellants in a federal civil RICO[1] action against inspectors for the Pennsylvania Department of Agriculture, Bureau of Food Safety. Through a series of pretrial orders, the trial court dismissed the malpractice action. Appellants filed a timely appeal to this Court. We affirm.

---

[1] RICO is the well-known acronym for the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq*.

We begin by summarizing the underlying RICO action. On May 12, 2008, Zhong filed a civil action against the agricultural inspectors in the United States District Court for the Eastern District of Pennsylvania. Zhong alleged in his pleadings that he operated a Chinese restaurant in Nazareth, Pennsylvania, but the inspectors drove him out of business through numerous inspections and citations. The inspectors began harassing Zhong in 2003, when one inspector, Kathleen Sweeny, became angry upon receiving less than her usual discount on a food bill (twenty percent instead of fifty percent). In retaliation, Sweeny broke into the restaurant kitchen, dumped chicken in the trash, and wrote two pages of approximately twenty violations. Sweeny also showed up at the restaurant on two separate mornings with her flashlight and camera and closed the restaurant for three consecutive days over one weekend and for a few hours on several other occasions. Two other inspectors, Bill Chirdon and Dennis Wolff, issued twenty tickets and numerous citations against the restaurant between 2003 and 2006. On one occasion in January 2005, a police officer prohibited Zhong's wife from selling a takeout order after the restaurant was closed, and a local newspaper publicized this incident the next day. This campaign of harassment forced Zhong to sell the business.

Based on these allegations, Zhong sued the inspectors (1) under the RICO statute, (2) under 42 U.S.C. § 1983 for violations of his civil rights, and (3) under Pennsylvania common law and several Pennsylvania statutes.

On September 30, 2009, the federal court granted in part and denied in part the officials' motion to dismiss. Among other things, the court dismissed two individuals and the Department of Agriculture as defendants.

On September 28, 2011, the federal court entered a memorandum and order dismissing the remainder of Zhong's action. The court dismissed two counts based on Zhong's concession that he failed to state a cause of action. The court further held that Zhong's section 1983 action was time-barred under the two-year statute of limitations. Finally, the court held that Zhong lacked standing to bring a RICO action. The owner of the Chinese restaurant, the court stated, was a corporation, Tong Shing Restaurant, Inc. ("Tong Shing"), not Zhong himself. Thus, only Tong Shing had standing to sue under the RICO statute.

On March 4, 2014, Appellants filed a writ of summons in the Court of Common Pleas of Philadelphia County against Appellees, who are the following attorneys and law firms: (1) Tsiwen Law, Esquire and Law & Associates, LLC ("the Law defendants"); (2) Jean Wang, Esquire and Wang Law Office, PLLC ("the Wang defendants"); and (3) Sharon Lopez, Esquire and Triquetra Law ("the Lopez defendants"). All Appellees represented Zhong at various points during the underlying federal action. Appellants subsequently filed a complaint alleging legal malpractice, and they amended the complaint twice.

In their second amended complaint, Appellants alleged that Tong Shing would have had a valid RICO action in the federal action had it been

named as a plaintiff, but Appellees negligently named Zhong as the plaintiff instead of Tong Shing. Appellants did not allege that Tong Shing (or Zhong) could have prevailed in the underlying federal case on any claim other than RICO.[2]

All Appellees filed preliminary objections to the second amended complaint. The Law defendants argued that Appellants failed to state a valid malpractice claim because neither Zhong nor Tong Shing could have asserted a valid RICO action in the underlying federal case. In support of this argument, the Law defendants attached Zhong's original and amended federal complaints to their preliminary objections. On October 23, 2014, the Honorable Frederica Massiah-Jackson issued a memorandum and orders (1) sustaining the Law defendants' preliminary objections and dismissing Appellants' claims against them with prejudice; (2) sustaining the Lopez defendants' preliminary objections in part and dismissing two negligence counts against them; and (3) overruling the Wang defendants' preliminary objections.

Following completion of the pleadings, the Wang and Lopez defendants moved for judgment on the pleadings. Among other arguments, the Wang and Lopez defendants contended that Appellants could not have asserted a

---

[2] Indeed, in response to the Law defendants' preliminary objections, Appellants conceded that they could not have mounted a successful section 1983 action in the underlying federal case.

valid RICO claim in the underlying federal case.  On March 6, 2015, the Honorable Dennis Cohen granted judgment on the pleadings to the Wang defendants.  On May 29, 2015, the Honorable Ellen Ceisler granted judgment on the pleadings to the Lopez defendants.  Judge Ceisler's order constituted a final order for purposes of appeal, because it disposed of all remaining claims and parties.  *See* Pa.R.A.P. 341(b)(1) (defining final order as order which "disposes of all claims and all parties").

On June 3, 2015, the prothonotary provided Pa.R.Civ.P. 236 notice of the order dismissing the Lopez defendants.  On July 2, 2015, Appellants filed a timely notice of appeal.

In their opening brief on appeal, Appellants raised four issues:

1.  Appellants' claims against Appellees Sharon Lopez and Triquetra Law are not barred by the Statute of Limitations.

2.  Appellants' claims against Appellees Sharon Lopez and Triquetra Law are not barred because there was no contract between the parties.

3.  Jin Fu Zhong and Tong Shing Restaurant, Inc. have evidence of actual losses as a result of [Appellees'] actions that preclude the entry of Judgment on the Pleadings.

4.  The Trial Court Erred In Granting The Appellees' Preliminary Objection on Statute of Limitations Grounds.

Brief For Appellants, at 14, 18, 20, 22.[3] Appellees counter that these issues lack merit and also request that we affirm on procedural grounds (e.g., Appellants' waiver of all arguments by failing to serve Judges Ceisler's and Cohen's chambers with their Pa.R.A.P. 1925(b) statements).

It is well settled that we may affirm the decision of the trial court on any valid basis appearing of record. *See Louis Dreyfus Commodities Suisse SA v. Fin. Software Sys., Inc.,* 99 A.3d 79, 82 (Pa.Super.2014). In view of this principle, we need not delve into the arguments raised by Appellants or the procedural arguments raised by Appellees (such as Appellants' alleged waiver for failing to make proper service of their Rule 1925(b) statements). Instead, we affirm for another simple reason: Appellants failed to state a valid cause of action in the underlying federal action and therefore have no valid malpractice action in the present case.

To state a claim for legal malpractice, the plaintiff must demonstrate: (1) employment of the attorney or other basis for a duty, (2) the failure of the attorney to exercise ordinary skill and knowledge, and (3) that such negligence was the proximate cause of damage to the plaintiff. *Kituskie v. Corbman*, 714 A.2d 1027, 1029 (Pa.1998). "[A] legal malpractice action in Pennsylvania requires the plaintiff to prove that he had a viable cause of

_____

[3] After filing their original brief, Appellants moved, through new counsel, for leave to file an amended brief and reproduced record. On March 14, 2016, this Court denied Appellants' motion to amend.

action against the party he wished to sue in the underlying case and that the attorney he hired was negligent in prosecuting or defending that underlying case." *Id*. at 1030. "[T]o prove actual injury, appellant must demonstrate that she would have prevailed in the underlying action in the absence of [the attorney's] alleged negligence." *Myers v. Robert Lewis Seigle, P.C.*, 751 A.2d 1182, 1185 (Pa.Super.2000). Thus, in order to prevail on their legal malpractice claims against Appellees, Appellants must allege facts which, if proved, establish that they would have prevailed in their underlying federal action, but for Appellees' negligence.

Appellants do not claim in their second amended complaint that they could have prevailed in the underlying federal action on any claim other than RICO. Therefore, if neither Appellant could have alleged a valid RICO action in federal court, Appellants have no valid action against Appellees for legal malpractice.

Appellants argue that Tong Shing, the corporate owner of the Chinese restaurant, would have had a valid RICO action in the federal action had Appellees named Tong Shing as a plaintiff, but Appellees negligently named Zhong as plaintiff instead of Tong Shing.

Based on our review of the record, we conclude that Zhong did not plead a valid RICO claim in the underlying federal action, and that Tong Shing would not have had a valid RICO claim had it been named as plaintiff instead of Zhong. To establish a civil RICO claim, a plaintiff must prove that

a person: (1) conducted (2) an enterprise (3) through a pattern (4) of racketeering activity. *In re Brokerage Antitrust Litigation*, 618 F.3d 300, 362–63 (3d Cir.2010). An enterprise is either an organization such as a corporation, partnership or other legal entity or any union or group of individuals associated in fact although not a legal entity. *United States v. Turkette*, 452 U.S. 576, 581-82 (1981). A pattern of racketeering activity requires at least two "predicate acts" within the span of 10 years. 18 U.S.C. § 1961(5). "Predicate acts" are statutorily defined and are limited to (1) state crimes involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, and dealing in controlled substances; and (2) certain identified federal crimes, including but not limited to mail and wire fraud. 18 U.S.C. § 1961(1).[4]

---

[4] Section 1961(1) defines "racketeering activity" as:

**(A)** any act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance or listed chemical (as defined in section 102 of the Controlled Substances Act), which is chargeable under State law and punishable by imprisonment for more than one year; **(B)** any act which is indictable under any of the following provisions of title 18, United States Code: Section 201 (relating to bribery), section 224 (relating to sports bribery), sections 471, 472, and 473 (relating to counterfeiting), section 659 (relating to theft from interstate shipment) if the act indictable under section 659 is felonious, section 664 (relating to embezzlement from pension and welfare funds), sections 891-894 (relating to extortionate credit transactions), section 1028 (relating to fraud and related activity in connection with identification documents), section 1029 (relating to fraud and related activity in connection with access devices), section 1084 (relating to the transmission of gambling information), section 1341 (relating

*(Footnote Continued Next Page)*

*(Footnote Continued)*

to mail fraud), section 1343 (relating to wire fraud), section 1344 (relating to financial institution fraud), section 1351 (relating to fraud in foreign labor contracting), section 1425 (relating to the procurement of citizenship or nationalization unlawfully), section 1426 (relating to the reproduction of naturalization or citizenship papers), section 1427 (relating to the sale of naturalization or citizenship papers), sections 1461-1465 (relating to obscene matter), section 1503 (relating to obstruction of justice), section 1510 (relating to obstruction of criminal investigations), section 1511 (relating to the obstruction of State or local law enforcement), section 1512 (relating to tampering with a witness, victim, or an informant), section 1513 (relating to retaliating against a witness, victim, or an informant), section 1542 (relating to false statement in application and use of passport), section 1543 (relating to forgery or false use of passport), section 1544 (relating to misuse of passport), section 1546 (relating to fraud and misuse of visas, permits, and other documents), sections 1581-1592 (relating to peonage, slavery, and trafficking in persons), section 1951 (relating to interference with commerce, robbery, or extortion), section 1952 (relating to racketeering), section 1953 (relating to interstate transportation of wagering paraphernalia), section 1954 (relating to unlawful welfare fund payments), section 1955 (relating to the prohibition of illegal gambling businesses), section 1956 (relating to the laundering of monetary instruments), section 1957 (relating to engaging in monetary transactions in property derived from specified unlawful activity), section 1958 (relating to use of interstate commerce facilities in the commission of murder-for-hire), section 1960 (relating to illegal money transmitters), sections 2251, 2251A, 2252, and 2260 (relating to sexual exploitation of children), sections 2312 and 2313 (relating to interstate transportation of stolen motor vehicles), sections 2314 and 2315 (relating to interstate transportation of stolen property), section 2318 (relating to trafficking in counterfeit labels for phonorecords, computer programs or computer program documentation or packaging and copies of motion pictures or other audiovisual works), section 2319 (relating to criminal infringement of a copyright), section 2319A (relating to unauthorized fixation of and trafficking in sound recordings and music videos of live musical performances), section 2320 (relating to trafficking in goods or services bearing counterfeit marks), section 2321 (relating to trafficking in certain motor vehicles or motor vehicle parts), sections 2341-2346 (relating to trafficking in contraband cigarettes), sections 2421-24 (relating to white slave traffic), sections 175-178 (relating to biological weapons), sections 229-229F (relating to chemical weapons), section 831 (relating to nuclear materials), **(C)** any act which is indictable under title 29, United States Code, section 186 (dealing with restrictions on payments and loans to

*(Footnote Continued Next Page)*

Regardless of whether Tong Shing or Zhong had been the plaintiff in federal court, no valid RICO claim existed against the federal defendants due to the absence of predicate acts under 18 U.S.C. § 1961(1). According to Appellants, Tong Shing could have alleged four acts of "criminal mischief" as predicate acts: (1) on March 23, 2003, inspector Sweeny became angry when she only received a 20% discount on her food bill rather than the usual 50% discount; (2) consequently, on March 24, 2003, Sweeny conducted an unscheduled inspection of the restaurant, shouted and yelled in view of the customers, and threw out sixty pounds of prepared chicken; (3) on January 26, 2005, Sweeny arranged for the police to arrive at the restaurant when Mrs. Zhong served a takeout order after Sweeny and Kinder had closed the restaurant, and Sweeny caused local newspapers to publish articles about this incident; and (4) two other inspectors, Chirdon and Wolff, issued

_(Footnote Continued)_ ────────────

labor organizations) or section 501(c) (relating to embezzlement from union funds), **(D)** any offense involving fraud connected with a case under title 11 (except a case under section 157 of this title), fraud in the sale of securities, or the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in a controlled substance or listed chemical (as defined in section 102 of the Controlled Substances Act), punishable under any law of the United States, **(E)** any act which is indictable under the Currency and Foreign Transactions Reporting Act, **(F)** any act which is indictable under the Immigration and Nationality Act, section 274 (relating to bringing in and harboring certain aliens), section 277 (relating to aiding or assisting certain aliens to enter the United States), or section 278 (relating to importation of alien for immoral purpose) if the act indictable under such section of such Act was committed for the purpose of financial gain, or **(G)** any act that is indictable under any provision listed in section 2332b(g)(5)(B).

multiple tickets and citations against the restaurant between 2003 and 2006. None of these acts fall within RICO's definition of "predicate acts". The alleged acts of official harassment are not within the list of state crimes that are actionable under RICO (murder, kidnapping, etc.); nor are they within the lengthy list of enumerated federal offenses. ***See*** 18 U.S.C. § 1961(1). Nor, for that matter, does "criminal mischief" constitute an actionable offense under section 1961(1). ***Id***.

Because neither Zhong nor Tong Shing had a valid RICO action, they fail to satisfy the first element of legal malpractice -- a viable cause of action against the parties sued in the underlying case. ***See Kituskie***, 714 A.2d at 1030. Therefore, the trial court properly dismissed Appellants' legal malpractice action against all Appellees.

Orders affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/27/2016