J-A22024-19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

LILLIE COLEY AND : IN THE SUPERIOR COURT OF
WANDA SATTERTHWAITE, : PENNSYLVANIA
:
Appellants :
:
v. :
:
JAMES ROCCO III, ESQ. AND :
ROCCO LAW FIRM, LLC, :
:
Appellees : No. 2083 EDA 2018

Appeal from the Judgment Entered June 12, 2018
in the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 02625 November Term, 2016

BEFORE: MURRAY, J., STRASSBURGER, J.* and PELLEGRINI, J.*

MEMORANDUM BY STRASSBURGER, J.: **FILED DECEMBER 03, 2019**

Lillie Coley and Wanda Satterthwaite (collectively, Appellants) appeal from the judgment entered on June 12, 2018, against them and in favor of James Rocco III, Esquire and Rocco Law Firm, LLC (collectively, Rocco Law) in this legal malpractice action.

The underlying action involves establishment of paternity of Satterthwaite's biological child, R.S. (Child), born in July 1993. The record indicates that Coley was awarded custody of Child. A prior panel of this Court set forth the relevant facts and procedural history of the underlying action as follows.

> In June 2010, [Satterthwaite] filed [in the trial court] two motions for genetic testing to determine the paternity of [C]hild, one naming [S.C.] and the second naming another individual, [R.G.], who had previously been identified as the father of [C]hild and

* Retired Senior Judge assigned to the Superior Court.

had been ordered to pay for the support of [C]hild. On July 16, 2010, the [trial] court denied [Satterthwaite's] motions based on the doctrine of estoppel. In its order with respect to [S.C.], the trial court stated that [Satterthwaite] could not wait seventeen years to name a second person as the father of [C]hild when she identified another person as the father sixteen years before and never previously attempted to recant that identification. In March 2011, [Satterthwaite] filed a second motion for genetic testing naming [S.C.].[1] By order dated May 19, 2011, the trial court denied this second motion for genetic testing on the basis that the matter was *res judicata*[,] as a final order was entered in this matter on July 16, 2010.

***Satterthwaite v. Carter***, 75 A.3d 561 (Pa. Super. 2013) (unpublished memorandum at 1-2).

In October 2011, Coley retained Rocco Law to petition the trial court to vacate the July 16, 2010 and the May 11, 2011 orders denying Satterthwaite's petitions for genetic testing of S.C. At the time Rocco Law was retained, it was well past the time period to appeal these orders; however, Rocco Law successfully petitioned the trial court to vacate the orders.[2] The trial court heard argument on the matter on May 15, 2012, which Attorney Rocco, Coley, and Satterthwaite attended, along with S.C. and his counsel. By order dated June 14, 2012, the trial court granted the petition filed on behalf of Satterthwaite and vacated the two orders at issue. On appeal, this Court reversed, holding that the trial court lacked jurisdiction to vacate the orders

---

[1] In April 2011, R.G.'s paternity of Child was disestablished.

[2] On January 12, 2012, Rocco Law filed a petition to vacate on behalf of Coley, and on April 27, 2012, Rocco Law filed an amended petition to vacate on behalf of Coley and a petition to vacate on behalf of Satterthwaite.

because more than 30 days had passed since they were entered and no extraordinary cause existed to justify the trial court's intervention. **Satterthwaite**, **supra** (unpublished memorandum at 4).

More than three and one-half years later, on November 29, 2016, Appellants filed *pro se* a complaint against Rocco Law alleging legal malpractice arising from Rocco Law's representation in the underlying action. Specifically, Appellants alleged Rocco Law should have "just requested the orders [for genetic testing] be set aside for [] Coley since they were no longer in effect" and that Rocco Law improperly filed a petition to vacate the orders on behalf of Satterthwaite without Appellants' knowledge. Complaint, 11/29/2016, at 3-4, 10 (unnecessary capitalization omitted). Rocco Law filed an answer and new matter on January 23, 2017. Appellants filed a reply to the new matter on February 10, 2017.

On July 20, 2017, Rocco Law filed a motion for summary judgment, claiming the action was barred by the statute of limitations. Appellants opposed,[3] and on October 24, 2017, the trial court denied the motion for summary judgment. Thereafter, Rocco Law filed a motion to strike and Appellants filed motions for extraordinary relief and to proceed *in forma pauperis*, all of which were denied by the trial court.

---

[3] On September 19, 2017, the trial court quashed Appellants' opposing motion for procedural deficiencies. Appellants refiled an answer in opposition on October 6, 2017.

On April 4, 2018, Rocco Law filed a motion for judgment on the pleadings.[4] Appellants filed a memorandum in opposition on April 10, 2018, and Rocco Law replied on April 20, 2018. On April 23, 2018, Appellants filed a second response in opposition to the motion for judgment on the pleadings. Also on April 23, 2018, Appellants sought leave to amend their complaint.[5] The next day, April 24, 2018, Appellants filed a response to Rocco Law's April 20, 2018 reply. On May 3, 2018, Rocco Law filed a reply to Appellants' second response in opposition.

_____

[4] Rocco Law summarized their motion follows.

> [Rocco Law's] motion sought judgment in their favor on the basis that (1) the materials attached to [Appellants'] complaint did not support the premise of their claims; (2) [Appellants'] claims failed as a matter of law because they did not allege they sustained damages attributable to actions conduct by [Rocco Law]; (3) [Appellants'] claims failed as a matter of law because the Rules of Professional Conduct are not a basis for civil liability against [Rocco Law]; (4) [Appellants'] alleged damages, in the form of disgorgement of attorneys' fees and costs in this action, punitive damages and fines and reprimands, did not provide a valid measure of actual damages and as a result [Appellants'] claims failed; and (5) [to the extent Appellants alleged a breach of contract claim, the] claim failed because [Appellants] did not allege the existence of a contract between Satterthwaite and [Rocco Law].

Rocco Law's Brief at 2.

[5] Appellants sought to attach the missing third page of the fee agreement between Rocco Law and Coley, and to add a new cause of action for "concealment of evidence." 4/23/2018, at 1-5 (unpaginated). On May 31, 2018, the trial court granted the motion as to the missing page, but denied it as to the new claim. Order, 5/31/2018.

On June 12, 2018, the trial court granted Rocco Law's motion for judgment on the pleadings and entered judgment in favor of Rocco Law and against Appellants. Appellants moved for reconsideration on July 6, 2018, which Rocco Law opposed.[6] On July 9, 2018, Appellants filed the instant appeal. Both Appellants and the trial court complied with Pa.R.A.P. 1925.

Appellants present the following question for our review: "Did the trial court err as a matter of law in holding that no genuine issues of material fact existed and the moving party was entitled to judgment on the pleadings?" Appellants' Brief at 5.

Pennsylvania Rule of Civil Procedure 1034 governs motions for judgment on the pleadings and provides that "[a]fter the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for judgment on the pleadings." Pa.R.Civ.P. 1034(a). "A motion for judgment on the pleadings is similar to a demurrer. It may be entered when there are no disputed issues of fact and the moving party is entitled to judgment as a matter of law." *Wachovia Bank, N.A. v. Ferretti*, 935 A.2d 565, 570 (Pa. Super. 2007) (citation omitted).

> Appellate review of an order granting a motion for judgment on the pleadings is plenary. The appellate court will apply the same standard employed by the trial court. A trial court must confine its consideration to the pleadings and relevant documents. The court must accept as true all well pleaded statements of fact, admissions, and any documents properly attached to the pleadings presented by the party against whom the motion is filed, considering only those facts which were specifically admitted.

---

[6] It does not appear the trial court ruled on said motion.

*Id.* (citation omitted).

As a preliminary matter, we address Appellants' compliance with our rules of appellate procedure. After a review of the record, and Appellants' brief and reply brief, we conclude Appellants have waived their challenge on appeal by their deficient appellate brief. ***Wilkins v. Marsico***, 903 A.2d 1281, 1284 (Pa. Super. 2006) ("This Court may … dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure."), *citing* Pa.R.A.P. 2101. Appellants' argument is woefully undeveloped. Other than a boilerplate restatement of the law relating to judgment on the pleadings, Appellants do not discuss or cite to any pertinent authorities. ***Compare*** Appellants' Brief at 17-23 ***with*** Pa.R.A.P. 2119(a) (stating argument section of brief must contain discussion and citation of pertinent authorities); ***see also Hawkey v. Peirsel***, 869 A.2d 983, 990 (Pa. Super. 2005) (holding failure to cite to relevant authority in support of argument resulted in waiver of issue presented on appeal). Nowhere in Appellants' brief do they state the elements for a legal malpractice cause of action or discuss how the factual allegations and exhibits attached to their complaint support such a claim.[7] Accordingly, because Appellants have failed

---

[7] Appellants make a passing reference to "the elements required to show legal malpractice" in their reply brief, but fail to set forth all of the elements and fail to cite or discuss relevant case law. ***See*** Appellants' Reply Brief at 6, 11. Similarly, in their reply brief, Appellants make a passing reference to a claim for fraud, but fail to cite or discuss any relevant authorities or how the factual

to develop their issue on appeal in any meaningful fashion capable of review, it is waived. **Commonwealth v. Patterson**, 180 A.3d 1217, 1229 (Pa. Super. 2018) (finding waiver because appellant's brief failed to develop issue in any meaningful fashion capable of appellate review).

Even if Appellants did not waive their issue on appeal, we would nonetheless conclude it is without merit. The following principles apply to Appellants' claim for legal malpractice.

> An action for legal malpractice may be brought in either contract or tort. The elements of a legal malpractice action, sounding in negligence, include: (1) employment of the attorney or other basis for a duty; (2) failure of the attorney to exercise ordinary skill and knowledge; and (3) that such failure was the proximate cause of the harm to the plaintiff. With regard to a breach of contract claim, an attorney who agrees for a fee to represent a client is by implication agreeing to provide that client with professional services consistent with those expected of the profession at large. Moreover, … the two-year limitations period applies to the negligence claim and the four-year limitations period applies to the breach of contract claim.

**Wachovia Bank, N.A.,** 935 A.2d at 570-71 (citations, brackets, and some quotation marks omitted).

An essential element of legal malpractice cause of action is "proof of actual loss rather than a breach of a professional duty causing only nominal damages, speculative harm or the threat of future harm." **Kituskie v. Corbman**, 714 A.2d 1027, 1030 (Pa. 1998).

> A legal malpractice action is different because … a plaintiff must prove a case within a case since he must initially establish by a

---

allegations and exhibits attached to their complaint support such a claim. **Id.** at 9, 11.

preponderance of the evidence that he would have recovered a judgment in the underlying action…. It is only after the plaintiff proves he would have recovered a judgment in the underlying action that the plaintiff can then proceed with proof that the attorney he engaged to prosecute or defend the underlying action was negligent in the handling of the underlying action and that negligence was the proximate cause of the plaintiff's loss since it prevented the plaintiff from being properly compensated for his loss.

*Id.*

[T]he Pennsylvania Supreme Court has firmly established the elements in a legal malpractice cause of action and emphasized that proof of actual loss is not satisfied by evidence of remote or speculative harm. Accordingly, **to prove actual injury, appellant must demonstrate that she would have prevailed in the underlying action in the absence of appellees' alleged negligence**.

*Communications Network Int'l, Ltd. v. Mullineaux*, 187 A.3d 951, 960 (Pa. Super. 2018), *quoting* *Myers v. Robert Lewis Seigle, P.C.*, 751 A.2d 1182, 1185 (Pa. Super. 2000) (emphasis in original).

Instantly, in support of their legal malpractice cause of action, Appellants averred that Coley retained Rocco Law to petition the trial court to vacate two orders for genetic testing of S.C., but Rocco Law filed a petition on behalf of Satterthwaite without Appellants' knowledge and consent.[8]

---

[8] Appellants have made no effort to identify whether their legal malpractice claim sounds in tort or breach of contract. It appears a claim sounding in tort would be barred by the statute of limitations, but we need not make such a determination because, as discussed *infra*, under either theory, Appellants fail to satisfy the elements of the claim. Appellants also argue there is a factual dispute as to whether Rocco Law represented Satterthwaite. **See** Appellants' Brief at 19-20; Appellants' Reply Brief at 11. Even accepting as true Appellants' claim that Rocco Law did not represent Satterthwaite, Appellants

Complaint, 11/29/2016, at 1, 3, 5, 6. Appellants argue that said filing rendered "Coley's claim moot." *See* Appellants' Brief at 19. In essence, Appellants claimed that Rocco Law only represented Coley, not Satterthwaite, and took advantage of Satterthwaite while she was in the hospital by having Satterthwaite sign the verification to a petition to vacate without Satterthwaite's knowledge. Complaint, 11/29/2016, at 6. According to Appellants, Rocco Law "switched" clients and "did this for the sole reason to help [] S.C.'s defense team." *Id.* at 6, 8 (capitalization altered). Appellants asserted that since Coley had custody of Child, Coley's petition to vacate, not Satterthwaite's, should have been considered by the trial court. *Id.* at 7. According to Appellants, Rocco Law colluded with the attorney representing S.C. at the hearing to remove Coley's name from the petition to vacate. *Id.* Appellants appeared to assert that the attorneys colluded so that if Satterthwaite's petition to vacate was successful at the trial court, it would be overturned on appeal, thereby favoring S.C. *Id.*

Our review of the record does not show that Appellants' complaint sufficiently pleaded a cause of action for legal malpractice. Appellants did not

---

have nonetheless failed to state a claim for legal malpractice as to Satterthwaite. Appellants fail to satisfy the employment-of-the-attorney element of a legal malpractice claim sounding in tort because they averred that Satterthwaite was not Rocco Law's client. *See* Complaint, 11/29/2016, at 6, 8, Exh. M; *Wachovia Bank, N.A.*, *supra*. Similarly, Appellants have not asserted the existence of a contractual relationship between Satterthwaite and Rocco Law as required for a breach of contract claim. *See id.*

plead facts to demonstrate they would have prevailed in the underlying action in the absence of Rocco Law's alleged negligence, *i.e.*, the filing of a petition to vacate on behalf of Satterthwaite, or that Appellants sustained damage due to Rocco Law's actions. As discussed *supra*, and acknowledged by Appellants in their complaint, **see id.** at 3, Rocco Law successfully achieved Appellants' objective of vacating the orders at issue, but the trial court's June 14, 2012 order was reversed on appeal. Thus, Appellants did not sustain damages in the trial court stemming from Rocco Law's alleged negligence because the petition to vacate was granted. While the trial court's June 14, 2012 order was reversed on appeal, the basis for the reversal had nothing to do with who the petitioner was below. Rather, this Court reversed because the trial court lacked jurisdiction to vacate the orders at issue where more than 30 days had passed since they were entered and no extraordinary cause existed to justify the trial court's intervention. **Satterthwaite**, **supra**. Thus, the outcome of the underlying action would have been the same regardless of whether Coley or Satterthwaite was named as petitioner. Accordingly, Appellants' legal malpractice claim fails because Appellants did not plead facts sufficient to demonstrate actual injury, *i.e.*, that they would have prevailed in the underlying action in the absence of Rocco Law's alleged negligence.

Furthermore, in support of their assertion that Rocco Law filed the petition to vacate on behalf of Satterthwaite without Appellants' knowledge or consent, Appellants attached to their complaint, *inter alia*, (1) the April 27,

2012 petition to vacate filed on behalf of Satterthwaite, which included a verification signed by Satterthwaite on April 25, 2012; (2) the January 12, 2012 petition to vacate filed on behalf of Coley, which included a verification signed by Coley on January 11, 2012; (3) the transcript of the May 15, 2012 hearing on the petitions to vacate before the trial court, which shows both Appellants attended; and (4) a statement dated October 31, 2016, signed by Satterthwaite in which she acknowledges she signed the verification to the petition to vacate and attended the May 15, 2012 hearing. Complaint, 11/29/2016, at Exhs. G, I, M, O. The transcript attached to Appellants' complaint shows that, in the presence of Appellants, Attorney Rocco identified himself as counsel for Appellants, explained that petitions had been filed on behalf of both Coley and Satterthwaite due to Satterthwaite's health, and when asked by the trial court, indicated that the matter would proceed with Satterthwaite as petitioner. *Id.* at Exh. I (N.T., 5/15/2012, at 4, 18-19). In fact, Satterthwaite interrupted during this exchange between Attorney Rocco and the trial court to correct Attorney Rocco as to her health condition, but notably, Satterthwaite said nothing about whether she or Coley would be proceeding as petitioner. *Id.* Thus, the record belies Appellants' assertion that the petition to vacate on behalf of Satterthwaite was filed without Appellants' knowledge or consent. No relief is due.[9]

---

[9] On appeal, Appellants make no argument as to any cause of action except legal malpractice and a passing reference to fraud. As noted *supra*, Appellants

- 11 -

Finally, to the extent Appellants argue their *pro se* status below excuses their "potential drafting errors and lack of detail in the legal analysis appearing on the pleadings," *see* Appellants' Brief at 17, we note that *pro se* status confers no special benefit upon Appellants. ***Norman for Estate of Shearlds v. Temple Univ. Health Sys.***, 208 A.3d 1115, 1118-19 (Pa. Super. 2019) ("Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing.") (quoting ***Wilkins***, 903 A.2d at 1284); ***Hoover v.***

---

fail to cite or discuss any relevant authorities or how the factual allegations and exhibits attached to their complaint support a fraud claim. Thus, to the extent Appellants' complaint purports to allege theories of liability other than legal malpractice, Appellants have waived on appeal any challenge thereto. ***Milby v. Pote***, 189 A.3d 1065, 1079 (Pa. Super. 2018) ("The failure to develop an adequate argument in an appellate brief may result in waiver of the claim under Pa.R.A.P. 2119. We shall not develop an argument for an appellant, nor shall we scour the record to find evidence to support an argument; instead, we will deem issue to be waived.") (citations, brackets, and quotation marks omitted). Further, to the extent Appellants' complaint attempts to assert a cause of action for violation of the Pennsylvania Rules of Professional Conduct, *see* Complaint, 11/29/2016, at 12-15, we note that violation of these rules does not give rise to a civil cause of action. ***See*** Pa.R.P.C. Preamble and Scope [19] ("Violation of a Rule [of Professional Conduct] should not itself give rise to a cause of action against a lawyer nor should it create any presumption in such a case that a legal duty has been breached.…[The Rules] are not designed to be a basis for civil liability."); ***see also In re Adoption of M.M.H.***, 981 A.2d 261, 272 (Pa. Super. 2009) ("The Rules of Professional Conduct do not carry the force of substantive law, nor do they broaden an attorney's duties in civil legal proceedings; instead, they are a basis upon which to sanction a lawyer through the disciplinary process.").

*Davila*, 862 A.2d 591, 595-96 (Pa. Super. 2004) ("A *pro se* litigant is not absolved from complying with procedural rules."); **First Union Mortgage Corp. v. Frempong**, 744 A.2d 327, 333 (Pa. Super. 1999) ("A *pro se* litigant is granted the same rights, privileges and considerations as those accorded a party represented by counsel; however, *pro se* status does not entitle a party to any particular advantage because of his or her lack of legal training.").

Accordingly, we affirm the judgment entered on June 12, 2018, against Appellants and in favor of Rocco Law.[10, 11]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/3/19

---

[10] We decline to address Appellants' bald and conclusory claim that Rocco Law intentionally omitted five pages in the attachments to its motion for judgment on the pleadings. **See** Appellants' Brief at 22. Appellants do not explain in any fashion whatsoever why they believe the pages were intentionally omitted or that it was anything more than a clerical error, nor do Appellants explain how they have been prejudiced by this omission. According to Appellants, the pages purportedly omitted by Rocco Law are pages which were attached to their complaint filed with the trial court; thus, the pages were already a part of the record in this case.

[11] The remaining statements of error contained in Appellants' Rule 1925(b) statement are waived for failure to address and develop them in their brief. **Compare** Pa.R.A.P. 1925(b), 8/14/2018, at 1 (unnumbered) **with** Appellants' Brief; **Milby**, 189 A.3d at 1079.